## HUMPHREYS v. HUMPHREYS.

### No. 6253.

Court of Civil Appeals of Texas. Texarkana.
Feb. 8, 1947.

Rehearing Denied March 13, 1947.

Moore & Moore, of Paris, and L. M. Rice, of Dallas, for appellant.

C. C. McKinney, of Cooper, and Ben F. Mooring, of Paris, for appellee.

WILLIAMS, Justice.

Appellee, William J. Humphreys, plaintiff below, and appellant, Mrs. Althea Humphreys, defendant and cross-plaintiff below, each sought a divorce and custody of their only child, a boy twelve years of age. Plaintiff was granted the divorce.

With the exception of the first few years, their fourteen years' marriage had been filled with discord, punctuated in the early years back with alleged physical violence on the part of each. During the last few years their relations have been extremely strained. Plaintiff, who has held an executive position for the past twenty-six years with a Paris wholesale concern, possessed much pride in the home and spent much of his time after office hours in making it enjoyable and attractive. He was liberal in his gifts to her and always generous with funds for the welfare of his wife, child and the home. He idolized their son, being at all times extremely solicitous of his son's welfare. Mrs. Humphreys, fifteen years the junior in their ages, was active in various service clubs and other socials, and acted as a chaperone for some of the dances at Camp Maxey.

According to Mr. Humphreys' testimony, his wife was never interested in him or the home, and neglected the child; her interest was centered and spent in society, shows and sun-bathing parties, being away from home night and day without advising him where she was or when she would return; neglected him when he was confined to his home with an injury; refused to accept any social invitation where he was also invited; unappreciative of any of his favors upon her; and grew colder, more indifferent and distant toward him. He asserted that when he complained of her attitude and conduct or attempted to obtain harmony in the home, she repeatedly told him she didn't love him and wanted her freedom, and repeatedly threatened that she would take the child and leave him and get a divorce; and on account of the fear that she would take the child away and separate him from association with the child and with the hope that the wife would mend her ways, he had endured above treatment. According to Mrs. Humphreys' testimony, her husband was domineering and headstrong; moody at times, and when under the influence of intoxicants had struck her and had embarrassed her in the presence of others with his unkind and abusive remarks to and about her; and that she has suffered such to keep the home intact. The record does not disclose the immediate cause of her leaving with the child, securing employment and taking up residence with her mother in Dallas in 1944. After her suit for divorce was withdrawn, plaintiff filed the present suit in which she filed a cross action.

The findings of fact sustain substantially all the acts, conduct, neglect and treatment by the wife that the husband had accused her with. The court found that all such acts, conduct and threats towards plaintiff did cause him much men-

tal and physical distress and inconvenience; that she knew they would have such effect and all such acts were a part and parcel of a course studied, unkind and cruel which resulted in injury to the physical and mental condition of plaintiff and impaired his health, which rendered their living together insupportable.

■ We are not in accord with appellant's position that the above enumerated acts and conduct charged to the wife, and found by the trial judge to be facts are such as would not constitute excesses, cruel treatment or outrages as to render their further living together insupportable, as required under Article 4629, Sec. 1, R.C.S. of Texas, Vernon's Ann.Civ.St. Art. 4629, subd. 1. "It is the settled law of this state that the cruel treatment provided by our statute as a ground for divorce is not confined to physical violence alone, but may consist of a series of studied and deliberate insults and provocations. The question is whether the course of treatment constitutes such 'excesses, cruel treatment, or outrages,' as to render their further living together insupportable. In determining this question it is the duty of the trial court to weigh the course of conduct in the light of all the facts and circumstances of the case, and this includes the character and refinement of the parties to the proceeding." McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, 462.

Under the record, when consideration is given to the alleged indifference and neglect, coldness and failure to discharge the duties that would be expected of a wife, allegedly continuing over a period of several years with the other factors above enumerated, this court does not feel warranted in holding above findings of the trial court, the trier of the facts, were without support in the evidence. Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251, on page 255, and authorities cited.

■ In vital particulars, especially with the intimacies of their marriage relations, the court's findings of fact rest upon the uncorroborated testimony of the husband. With respect to this situation under the record which appellant attacks as being insufficient to support the verdict rendered, there is no question but that the overwhelming weight of authority supports the holding of the El Paso Court of Civil Appeals in Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240, 243, viz.: "In our opinion, the evidence may be full and satisfactory within the meaning of Art. 4632, even though the evidence be only the uncorroborated testimony of one of the spouses contradicted by the other." Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297, 305.

■ The trial court found that plaintiff had not condoned the acts and conduct of his wife. This fact issue determined by the court with supporting evidence will not be disturbed.

■■ The father was awarded custody of the child for nine months during the school term and the mother for three months during vacation of each year. This award is based upon the court's finding of fact, not without support in the evidence, which when summarized are as follows: The childhood friends and the friends of the family are principally located in Paris where he was born and reared and attended school prior to being taken to Dallas; the child was unhappy, having difficulty in becoming adjusted to his surroundings in Dallas, amongst strangers; the child was without attendants principally before and after school and had to amuse and look after himself when not in the Dallas schools as all the adult persons occupying the apartment in Dallas where the child is now, work away from the apartment during the day; that the fondness of the child for the father and the father for the son has always been above the average; the father has spent much of his time and personal effort to assure the well being of said child and to assist the child to grow and develop into a well-rounded young man. The evidence further reflects that the apartment is crowded and not large enough for the four who occupy same and that the school and apartment in Dallas are not situated in a good neighborhood. The mother as found by the court is of good character and of good

reputation. She offered evidence that she was a perfect mother and that it would be to the best interest of the child to be with the mother and that the father was too indulgent and possessive for the child to be with him. We do not feel warranted in holding that the trial court abused his discretion in awarding a divided custody of the child grounded on the character of evidence above indicated. "The judgment of the trial court awarding custody of a child being addressed to the sound discretion of court will not be disturbed on appeal, unless so contrary to the great preponderance of the evidence as to show an abuse of discretion." Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483, 487.

Error is assigned to the refusal of the trial court to grant a new trial based on allegedly newly discovered evidence. The motion which set this up was filed June 1, 1946, and the affidavits of the various persons in support thereof were executed on dates between May 11th and May 29th, 1946. Plaintiff's original petition was filed October 19, 1945, and his first amended original petition upon which trial was had was filed December 8, 1945. Trial began May 2, 1946, and the judgment was filed and entered May 31, 1946.

 It appears that this alleged newly discovered evidence is cumulative or corroborative of evidence already received. "It is a general rule, settled by a multitude of cases, that a defeated litigant will not be awarded a new trial in order that he may offer new evidence which is merely cumulative or corroborative of the evidence already received." 31 Tex.Jur. pp. 110, 111. In sustaining the action of the trial court in refusing to grant a new trial on grounds of alleged newly discovered evidence, we need not discuss the question of diligence or the failure of appellant to seek the introduction of such evidence before judgment was entered.

 Mrs. Humphreys offered evidence in support of her pleadings for an allowance for attorney fees. In her motion for new trial, she did not assign as error the refusal of the court to allow a recovery for same, but presents a point in her brief which for the first time attacks this action of the trial court. Appellee says such complaint under the record was waived, having come too late, citing Rule 323, Texas Rules of Civil Procedure, which provides: "When the case is determined by the judge without a jury, if a motion for new trial is filed, counsel shall specify succinctly the supposed errors * * *." In view of the foregoing provisions an appellate court would not be warranted in reviewing the action of the trial court on the matter not assigned as error in above motion for new trial. If a motion be filed, the rule says "shall specify the alleged error."

The judgment will be affirmed.