## MOORE v. MOORE.
### No. 4567.

Court of Civil Appeals of Texas. El Paso.
May 26, 1948.

Doyle H. Willis, of Ft. Worth, for appellant.

Leo R. Tresp, of Dallas, and A. G. Henry, of Kaufman, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Kaufman County, 86th Judicial District. Jewel Margaret Moore, hereinafter called appellee, sued her husband, William Delbert Moore, hereinafter called appellant, for divorce and custody of their minor son, Edward Delbert Moore, three years of age. Sought likewise was an allowance of $50 per month for the support of said minor.

Trial was to the court without a jury and judgment was rendered in favor of appellee for a divorce on the ground of cruel treatment. The custody of said minor was awarded to her; defendant was ordered to pay $35 a month for the support of his minor son. Defendant has perfected this appeal. Appellee sought a divorce on the ground of cruel treatment. In substance physical assault was charged, reflections on her virtue and chastity, causing great mental pain and causing her to become nervous and ill; various indignities and public humiliation. Appellant's answer to the merits was a general denial. Appellant urges one point of error, as follows: "This case should be reversed and rendered because the trial court's decree was not rendered upon full and satisfactory evidence affirming the material facts alleged in appellee's petition as required by Article 4632, Vernon's Civil Statutes."

Plaintiff testified in support of most of the material allegations of her petition. Her testimony seems to be clear and consistent throughout. In substance defendant testified to the contrary. In short, if the trial court gave credence to the testimony of appellee the judgment found support in the evidence. Defendant claims his testimony is corroborated by several witnesses and that of his wife is uncorroborated.

The corroboration of his testimony is negative in character. These witnesses testified that they never witnessed acts of cruel treatment by appellant. Such acts may have occurred and such witnesses never observed same. The testimony of the wife is uncorroborated. Article 4632, Vernon's Civil Statutes, provides in substance the decree of the court shall be rendered upon full and satisfactory evidence upon the judgment of the court affirming the material facts alleged in the petition. Article 4633 is in part as to the competency of husband and wife as witnesses in an action for divorce and further provides * * * where the husband or wife testifies the court and jury trying the case shall determine the credibility of such witnesses and the weight to be given such testimony.

■ Defendant does not contend there is no evidence supporting the decree; the testimony of plaintiff supports same. The question posed by the appeal is, does the decree have full and satisfactory evidence within the meaning of the applicable statute to support same? The trial court answered this question in the affirmative. Great weight must be attached to that finding. It is likewise the duty of this court to pass upon the sufficiency of the evidence in this respect. Mayen v. Mayen, Tex.Civ. App., 177 S.W.2d 240, and authorities there cited; Mortensen v. Mortensen, Tex.Civ. App., 186 S.W.2d 297; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453.

In the instant case we have the situation that the uncorroborated testimony of appellee is contradicted by the uncorroborated testimony of appellant.

■ In the case of Mayen v. Mayen, supra, this court expressed the view that the evidence may be full and satisfactory within the meaning of Article 4632, even though the evidence be only the uncorroborated testimony of one of the spouses contradicted by the other. For cases upholding this view see authorities cited in the above case, 177 S.W.2d 240, loc. cit. 243; Mortensen v. Mortensen, supra; Humphreys v. Humphreys, supra.

■ It is the duty of this court to determine from the statement of facts whether the testimony is full and satisfactory within the meaning of the law. In the discharge of this duty it is not our function to determine the credibility of the witnesses. A question of fact, however, is presented to this court. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Mortensen v. Mortensen, supra.

■ It does not intrinsically appear from the testimony of plaintiff that same is not clear and satisfactory. This is not enough. It must intrinsically appear therefrom and from the whole testimony that same is full and satisfactory. Beyond any question the testimony of appellee, if believed in its entirety as to the material portions thereof, not only justified but required the judgment entered by the trial court. A careful review of the testimony has convinced us that the testimony of the plaintiff, although uncorroborated and contradicted by that of her husband, is of a character and quality to justify the action of the trial judge. The testimony of appellee, if believed, establishes such conduct on the part of defendant as renders plaintiff's further living with him insupportable. As has been stated, this court can only pass upon the character and quality of the evidence.

There is no error, and the judgment of the trial court is in all things affirmed.