## TUEL v. TUEL.

### No. 15371.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 26, 1952.

Rehearing Denied Oct. 31, 1952.

John Davenport, Wichita Falls, and Baker, Vaughan & Black, Port Arthur, for appellant.

Martin & Martin, Wichita Falls, for appellee.

RENFRO, Justice.

The appellant, Nancy Ellen Tuel, obtained a divorce from appellee, Wesley Rex Tuel, in a district court of Wichita County, Texas, and in said divorce decree was awarded the custody and control of the minor child of the parties, with certain specified visitation periods allowed the appellee.

This appeal is from that part of the judgment concerning appellee's visitation rights.

The trial court filed findings of fact and conclusions in law, in which he found appellant resided in the home of her parents at Garland, Texas, and appellee resided in the home of his parents in Burkburnett, Texas; that the home of appellant's parents is a proper home for the minor child and the home of appellee's parents is a suitable and proper home for said child in all respects; that both appellee and appellant are fit and proper persons to have the care, custody and control of the minor child; that the appellant prevented the appellee from seeing or visiting his minor daughter from the date of separation, on or about August 6, 1951, until February 2, 1952; that in spite of visiting orders issued by the court, the appellant secreted the child to prevent appellee from seeing it; that a spirit of animosity and vindictiveness has existed and still exists against the appellee in the home where appellant and her parents reside; that such attitude of animosity on

the part of appellant and her parents toward the appellee in connection with his visitation and association with his minor child is unjustified and unreasonable and prevails to such degree that it would be unsafe, if not impossible, for appellee to visit with said child in appellant's home or elsewhere in the town where she resides; that the best interest and welfare of the child will be served by allowing said child to visit in appellee's home periodically and associate with appellee so that said child will not be deprived of the benefit of the love, affection and association with her father, and that the child's welfare and beneficial association with her father cannot be assured in any manner other than by allowing the visitation of said child by appellee for several days and from time to time in his home.

■■ The trial judge is vested with liberal discretion in determining the custody of minor children. He sees the parties and observes their demeanor and personality. He is in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child than can be ascertained by reading the record. Therefore, the awarding of the custody of a minor child will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Moore v. Moore, Tex.Civ.App., 213 S.W.2d 724; Humphreys v. Humphreys, Tex.Civ.App., 200 S. W.2d 453; Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Lyle v. Lyle, Tex.Civ.App., 141 S.W. 2d 960; Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049; Norris v. Norris, Tex. Civ.App., 194 S.W.2d 813.

■ The paramount issue before the court was the best interest of the minor child.

■ The privilege of frequent and periodical visits with a child should never be denied either parent, except in extreme cases of unfitness.

■ After a careful study of the statement of facts, as well as the findings of the trial court, we cannot say that the trial court abused his discretion in allowing appellee definite and fixed periods of visitation with his child, especially in view of the fact that he granted general custody and control to appellant.

The judgment of the trial court is affirmed.