Helen BRYANT et vlr, Appellants,

v.

B. J. BIRDSONG, Appellee.

No. 15608.

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1955.

Rehearing Denied April 29, 1955.

Chas. J. Murray and M. Hendricks Brown, Fort Worth, for appellant.

Martin & Moore, Elvin E. Tackett and Arthur Lee Moore, Fort Worth, for appellee.

RENFRO, Justice.

On October 25, 1951, B. J. Birdsong was granted a divorce from Helen Birdsong and was awarded the full care, custody and control of their minor daughter Kellene.

Subsequent to the divorce, Helen Birdsong married W. H. Bryant, with whom she now resides in Boise, Idaho. B. J. Birdsong, subsequent to the divorce, married Louise Cook and continued to reside in Fort Worth. The child has been in his custody at all times except for the summer months of 1953 and 1954, when she was with her mother in Idaho.

On August 3, 1954, Mrs. Bryant, joined by her husband, brought suit in the same district court in Tarrant County in which the divorce and original custody order had been entered, alleging a change of conditions and praying for custody of the child, then eight years of age.

Judgment was entered on September 9, 1954, continuing the custody of the child in its father, whom we shall hereafter refer to as appellee, for the school months and allowing Mrs. Bryant, the appellant, the custody of the child during the summer months.

At the request of the appellant, the trial court filed extensive findings of fact, concluding that "while the testimony shows that there have been changes in the circum-

stances and conditions of both of the parties since the original custody judgment, the circumstances and conditions which exist at this time are not such as would justify the court in changing custody of the child from the father to the mother. The court further concludes that the ultimate consideration is what is for the best interest of the child; and with that consideration in mind, concludes that the original custody order should not be changed except as provided in the judgment in this case."

The appellant contends the court erred in holding that a material change of conditions and circumstances surrounding the custody of Kellene had not been shown which would require a change of the custody of such child from the father to the mother.

The fact that the court in its original decree awarded the child to the father established a finding that the father at that time was a suitable person to have the custody of the child, and the burden was on the mother, appellant herein, to prove that a change in conditions had arisen as to require a new decree depriving the father of the custody. Martin v. Martin, Tex.Civ.-App., 132 S.W.2d 426; Lynch v. Wyatt, Tex.Civ.App., 191 S.W.2d 499; 15 Tex.Jur., p. 681, sec. 173. While it is true that some changes have occurred in appellant's conditions, whether or not such changes warrant a change of custody is a question within the discretion of the trial court. The first judgment at the time it was entered was res adjudicata of the question of the child's best interest and of the custody, so it cannot now be questioned it was to the best interest of the child to award custody to the father at that time. A change of custody should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. Taylor v. Meek, Tex., 276 S.W. 2d 787.

The trial judge is vested with liberal discretion in determining the custody of minor children. He sees the parties and observes their demeanor and personalities.

He is in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child than can be ascertained by reading the record. Therefore, the awarding of the custody of a minor child will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Moore v. Moore, Tex.Civ.-App., 213 S.W.2d 724; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453; Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Penn v. Abell, Tex.Civ.-App., 173 S.W.2d 483; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960; Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049; Norris v. Norris, Tex.Civ.App., 194 S.W.2d 813; Bohls v. Bohls, Tex.Civ.App., 188 S.W.2d 1003.

No useful purpose would be served by setting out the testimony. Suffice it to say that we have read all of the 399 pages of the statement of facts, which includes the testimony of twenty-one witnesses, who testified in person, and five witnesses, who testified by deposition, and we cannot say from our study thereof that the trial court abused his discretion in holding that conditions had not changed to such an extent as to justify the court in ordering change of custody of the child from the father to the mother.

We also overrule the contention of the appellant that the court, having found that the mother was a proper person to have the care and custody of the child during the summer months, erred in not recognizing that such fact amounted to an implied finding that the mother was a proper person to have the care and custody of the child at all times, and thus abused his discretion in not allowing her full custody. Practically the same contentions were made in Lasater v. Bagley, Tex.Civ.App., 217 S.W.2d 687; Watts v. Rutledge, Tex.Civ.App., 211 S.W.2d 995; Lynch v. Wyatt, Tex.Civ.App., 191 S.W.2d 499; Hamer v. Hamer, Tex.-Civ.App., 184 S.W.2d 492, and were decided adversely to the appellant's contention.

After hearing all the facts and circumstances in the case, the trial judge concluded that it would be to the best interest of the child for her to continue to live in the home of her father during the school term and in the home of the mother during the summer vacation. Unless the trial court abused its discretion in dividing the custody, we would not be authorized to disturb its judgment. Viewing the record as a whole, we are unable to say the trial court abused its discretion in dividing custody in the manner indicated.

Judgment affirmed.