Mrs. Mary ROBERTS, joined pro forma by her husband, A. E. Roberts, Appellants,

v.

Lon W. JOLLY, Appellee.

No. 5120.

Court of Civil Appeals of Texas.

El Paso.

July 20, 1955.

Guinn & Guinn, El Paso, for appellants.

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellee.

McGILL, Justice.

This is a child custody case. Appellant, Mrs. Mary Roberts, was formerly the wife of appellee, Lon W. Jolly. Allen Wayne Jolly, a son, twelve years of age at the time of the trial, was born of that union. In a suit tried in the 41st District Court, No. 73,419, in which appellant was plaintiff and appellee defendant, judgment was rendered on August 12, 1952. This judgment continued the custody of said child theretofore awarded to defendant, in the defendant, Lon Williams Jolly. Plaintiff filed her petition in the present suit on January 27, 1955. She alleged that defendant had the

legal custody of the child; that there had been a change of circumstances which rendered it for the best interest of the child that his custody be given to her; that the child had come to her home and expressed the desire to remain with her; that she had a suitable home for him and was able to care for him; that defendant had forcibly taken the child from her home and threatened to have him sent to the reform school if he returned to be with her; that this created an unhealthy situation contrary to the best interest and welfare of the child. The defendant answered with a general denial, and specially denied that there had been a change of circumstances which rendered a change of custody advisable and to the best interest of the child, and alleged that on April 11, 1949, at a hearing in the 41st District Court the full care and custody of the child was awarded to him, subject to the right of appellant to see and visit the child at reasonable times, and prayed that the court hear and determine the cause in the interest of said child, at the earliest possible moment, and that the full care, custody and control of said child be and remain in him. The court at the hearing rendered judgment denying the plaintiff any relief, and adjudging that the custody and control of the child remain in the defendant, Lon Williams Jolly.

Appellants' points 1 to 3 inclusive are: 1—That the court erred in forcing plaintiffs to trial without a jury, a jury having been requested and deposit for jury having been made; 2—erred in forcing plaintiffs to trial within five days after the suit was filed, same not being proper time to prepare said suit adequately; 3—erred in forcing plaintiffs to trial two minutes after defendant's answer was filed, which constituted surprise to plaintiffs.

■ It has been held that in a habeas corpus proceeding for the custody of a child, neither party is entitled to a jury trial as a matter of right. Burckhalter v. Conyer, Tex.Com.App., 9 S.W.2d 1029; 26. Tex.Jur. p. 577, Sec. 14.

However, if they were entitled to a jury trial in this proceeding, we hold that they waived this right by failing to assert it until after the hearing. The first point is therefore overruled.

■ The judgment recites that the date of the trial was set by agreement of counsel. If plaintiffs' counsel thought that such setting would not allow them adequate time to prepare the case for trial, as appellants now claim, certainly they should not have agreed to such setting. Having so agreed, plaintiffs cannot now successfully complain on this ground. Point 2 is overruled.

■ Appellants do not point out how defendant's answer constituted surprise to plaintiffs. The third point is therefore overruled.

■ The fourth point is:

"The Court erred in admitting hearsay testimony on material matters being statements by different parties made outside the presence of the Plaintiffs in this case."

This point and the statement and argument thereunder is too indefinite to warrant consideration. We are unable to tell what hearsay testimony appellants claim was improperly admitted. The point presents nothing for this court to pass on.

■ The fifth and last point is that the court erred in holding that there had not been a change in circumstances requiring a change of custody of the child. That there had been a change in circumstances because of the remarriage of the child's father cannot be denied. However, under the facts and circumstances of this case we cannot say that the trial court abused his discretion in holding that the best interest of the child did not require a change of custody. Under all the circumstances we think the trial court could reasonably have concluded that a change in custody would not be in the best interest of the child; that due to his age the firm, restraining hand of his father was for his best interest. The question before us is not whether we would have so held, but whether the trial court abused his discretion in so holding. We hold that he did not.

The judgment is affirmed.