Elizabeth B. WOOSTER, Appellant,

v.

Clyde THOMPSON et ux., Appellees.

No. 15673.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 30, 1955.

Rehearing Denied Jan. 27, 1956.

Brewster, Pannell, Leeton & Dean, and Wm. C. Pannell, Fort Worth, for appellant.

Tilley, Hyder & Law, and Thos. H. Law, Fort Worth, for appellees.

RENFRO, Justice.

The appellant, Elizabeth B. Wooster, mother of the minor child Elizabeth Eileen Thompson, has appealed from a judgment awarding custody of said minor child to its paternal grandparents, Clyde and Ossie Thompson.

The appeal is predicated on the theory that the evidence is wholly insufficient to establish a relinquishment of custody to others, or to show a change of condition sufficient to change or modify the custody order previously in effect or that the best interest and welfare of the child would be served thereby.

No useful purpose would be served in setting out the evidence in the statement of facts comprising 500 plus pages. Suffice it to say, the evidence is amply sufficient to support the judgment entered.

The trial judge was the sole judge of the credibility of the witnesses and the weight to be given their testimony and he had the opportunity to observe the parties and weigh their respective qualifications. He is in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the child than can be ascertained from reading the record. Therefore, the awarding of the custody of a minor child will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Moore v. Moore, Tex.Civ.App., 213 S.W.2d 724; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453; Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Penn v. Abell, Tex.Civ. App., 173 S.W.2d 483; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960; Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049; Norris v. Norris, Tex.Civ.App., 194 S.W.2d 813.

Viewing the record as a whole, we cannot say the trial court abused his dis-

cretion in awarding custody of the child to appellees. An appellate court does not have the power to substitute its judgment for that of the trial court in the absence of an abuse of discretion. Taylor v. Meek, Tex., 276 S.W.2d 787; Kell v. Texas Children's Home & Aid Society, Tex.Civ.App., 191 S.W.2d 900.

The judgment of the trial court is affirmed.