**Edna Duck MOSER, Appellant,**

v.

**William DUCK, Appellee.**

No. 15687.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 10, 1956.

---

1. As we construe the record this refers to the three periods during which the parties lived together.

Spence & Rexford, and James E. Rexford, Wichita Falls, for appellant.

Tom McMurray, Decatur, for appellee.

RENFRO, Justice.

This is a child custody case. Appellant Mrs. Moser and appellee Duck were formerly man and wife. On December 12, 1953, appellee, on a cross-action, was granted a divorce and given full custody of the two minor children of the marriage.

On the 13th of July, 1954, on motion of appellant, the court modified the judgment to the extent of allowing the appellant to have the children during the month of August of each year.

On April 27, 1955, appellant filed a motion to modify, alter and change the former judgments, requesting that she be given full custody of the children. Hearing was had on the 14th of July, 1955. After appellant rested, appellee filed a motion for judgment based on the grounds (a) the evidence was insufficient to raise a fact issue as to

a change in conditions; (b) the evidence was insufficient to make out a prima facie case for appellant; and (c) appellant's evidence wholly failed to support the allegations of the motion for change of custody. Trial was to the court without a jury. The court sustained appellee's motion for judgment and entered judgment denying appellant's request for change of custody.

Appellant's only point of error is that the court erred in sustaining appellee's motion for judgment. She takes the position the court entered judgment for appellee only on the ground that the evidence was insufficient to raise a fact issue as to a change in conditions.

■ We cannot agree with appellant's conclusion as to the scope of the motion or the effect of the judgment. The court heard all the evidence offered by appellant. It will be noted that one ground of appellee's motion was that the evidence wholly failed to support the allegations of appellant's motion for change of custody. It was necessary for appellant to show a material change in conditions and that it was to the best interest of the minors that change of custody be made.

■ The question before the court then was whether the changed conditions in evidence justified a change in the custody order. The court's primary consideration was whether it was to the best interest of the children to change the existing custody order.

■ The trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony and he has the opportunity to observe the parties and weigh their respective qualifications. He is in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor children than can be ascertained from reading the record. In this particular case the trial judge was hearing the matter of custody of the children for the third time.

■ The awarding of custody of minor children will not be disturbed on appeal unless so contrary to the great preponderance of the evidence as to show an abuse of discretion. Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483; Turk v. McLure, Tex.Civ. App., 63 S.W.2d 1049; Moore v. Moore, Tex.Civ.App., 213 S.W.2d 724.

■■ We have given careful consideration to the entire record and from our study thereof we cannot say the trial court abused his discretion. In the absence of an abuse of discretion an appellate court does not have the power to substitute its judgment for that of the trial court. Taylor v. Meek, Tex., 276 S.W.2d 787; Kell v. Texas Children's Home & Aid Soc., Tex. Civ.App., 191 S.W.2d 900.

It is our conclusion that no abuse of discretion being shown, the judgment of the trial court must be affirmed.