Charles **DILLON** et ux., Appellants,

v.

Dorothy Lee **EWALD** et vir, Appellees.

No. 15360.

Court of Civil Appeals of Texas.

Dallas.

Dec. 13, 1957.

Rehearing Denied Jan. 10, 1958.

Earl R. Parker, Dallas, for appellants.

Witts, Geary, Hamilton & Brice, Bill E. Brice, Dallas, for appellee.

CRAMER, Justice.

This is a habeas corpus proceeding involving the custody of Dana Harris Reynolds, born December 25, 1951, the child of a marriage between Forrest Reynolds and Dorothy Lee Reynolds, now Dorothy Lee Ewald. At the age of eleven months the boy, Dana, became ill and in extremely bad health and was taken by his mother to his paternal grandparents, the paternal grandmother, Ted Dillon, taking the child for care and treatment in the home of respondents, the Dillons, the child remaining there until the hearing in this case. During part of that time the Dillons furnished a home for the mother of the child. On June 24, 1954 Dorothy Ewald, then Reynolds, was divorced from Forrest Reynolds. Dorothy Ewald then married Bill Bishop which terminated a few months thereafter.

Thereafter in 1955 Charles Dillon et ux. filed suit against Forrest and Dorothy Lee Reynolds, now Ewald, for custody of the child. During the course of such proceeding Dorothy Ewald, then Reynolds, and the natural father Forrest Reynolds entered into an agreement asking the court to award the child's custody to the Dillons and relinquished their right to the child. Thereafter Dorothy Reynolds married John Ewald and later this cause was filed and in due course tried without a jury, the child court awarding custody of the child to its mother. This appeal has been duly perfected from that judgment, appellants here briefing three points of error, in substance error of the trial court (1) in rendering judgment for petitioners and denying the child the benefit of the home and environment which would promote its interest the best; (2) in holding that there had been a

sufficient change of conditions to warrant changing the custody of the child; and (3) in abusing his discretion in changing the custody of the child from the Dillons to Dorothy Lee Reynolds. These points are countered that they are too general, are not stated with a sufficient degree of particularity to enable appellees to reply specifically to each and are based on the same general contention. Appellee also filed one counterpoint that the evidence is sufficient to support the finding made by him.

■ This Court cannot substitute its judgment for that of the trial court unless we can say that from the record here the trial court abused his discretion. Roy v. Sherman, 299 S.W.2d 329, by this Court; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Simmons v. Hitchcock, Tex.Civ.App., 283 S.W.2d 84; Bryant v. Birdsong, Tex. Civ.App., 277 S.W.2d 922; Hall v. Dodson, Tex.Civ.App., 278 S.W.2d 558; Reid v. Horton, Tex.Civ.App., 278 S.W.2d 626; Roberts v. Jolly, Tex.Civ.App., 282 S.W.2d 436; Moser v. Duck, Tex.Civ.App., 287 S. W.2d 214; Cline v. May, Tex.Civ.App., 287 S.W.2d 226; Wooster v. Thompson, Tex. Civ.App., 285 S.W.2d 954; Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489, 491.

The last case above cited stated: "Here we have a suit by an outsider (the paternal grandmother) against the natural mother to take from such mother her child and have the custody awarded to such plaintiff upon a showing only of changed conditions since the rendition of the original decree of divorce. We are of the opinion that, regardless of the fact that there was no plea of want of necessary parties plaintiff, this suit cannot be regarded as a suit brought under the provisions of Art. 4639a [Vernon's Ann.Civ.St.], where changed conditions only are required to be shown. Such a suit can be maintained only by a party to the original decree of divorce. * * * Where an outsider wishes to bring a suit to take a child from the custody of its parents and have it awarded to him or some other outsider, he must bring such suit un-der the provisions of Arts. 2330 and 2331, and must be prepared to prove that the child is a dependent or neglected child, or that the parent or parents having its custody are unfit persons to have such custody. Until this is shown the law presumes that the custody of the natural parent is best for the child."

■ The evidence here favorable to the trial court's judgment shows Dorothy Lee was granted a divorce from Reynolds in June 1954. In December of the same year she, because of Reynolds' favorable promises, resumed marriage relations with him. In February 1955 Reynolds married his present wife. Thereafter Dorothy Lee married Bill Bishop who seemed to want to make a home for her and her child; however this union was dissolved because of Bishop's failure to support her and her child and went to live with appellants, the Dillons. In September 1955 she, because of pressure of the Dillons, signed an agreement to give the child's custody at a time when she was ill, had no resistance for herself or child, was financially unable to care for herself and child and the father of the child paid less than $75 toward his child in a period of more than two years; and she had to work and had no one to act as father of the child until she married John Ewald who joined her in her petition for custody of the child. After her marriage she was in better health, had a home and she and her husband are financially able to care for the child and her husband is able and anxious to be a father to her son.

The above facts are similar to those in Sawyer v. Bezner, Tex.Civ.App., 204 S.W. 2d 19, 20, syl. 11: "Under evidence showing that divorced wife and her second husband, who both claimed custody of wife's minor children by prior marriage from paternal grandparents to whom custody was awarded in divorce decree, were reputable citizens in good health and having a good and comfortable home and that they were fully able and willing to afford opportunities for and proper care and training of the children and

·that wife at time children were awarded to paternal grandparents was in no position to take care of the children, trial court's judgment changing custody of children to divorced wife could not be disturbed." We adopt such language and holding here. See also Beasley v. Beasley, 304 S.W.2d 158, by this Court.

Under the record, points 1, 2 and 3 must be overruled and appellees' counterpoint is sustained. The judgment of the trial court is therefore

Affirmed.