**Stuart E. GILLESPIE, Appellant,**

v.

**Layle Church GILLESPIE, Appellee.**

No. 15756.

Court of Civil Appeals of Texas.

Dallas.

Jan. 13, 1960.

Rehearing Denied Feb. 17, 1961.

Slagle, Hughes & Kennedy, Sherman, for appellant.

Layle Church Gillespie, pro se.

**CLAUDE WILLIAMS, Justice.**

This is a child custody case. Appellant-father, Stuart B. Gillespie, a member of the U. S. Air Force, a legal resident of Grayson County, Texas, brought this action to recover care, custody and control of two minor children. By an earlier judgment of the Fifteenth Judicial District Court of Grayson County, Texas, rendered May 17, 1958 in an original divorce action between the same parties, the trial court entered a decree awarding the custody of the eldest boy, then fourteen years of age, to his father, appellant herein. Custody of the girl, then twelve years of age, and of the youngest child, another boy, then seven years of age was awarded to their mother, appellee herein. Some fourteen months later appellant filed this instant suit, entitled "Application for Custody" alleging that since judgment in the original action the circumstances of the parties have changed and that it is now to the best interests of said minors, that their custody be granted to appellant; that appellant "is now married, and has a comfortable home and wishes to raise said minors in a christian manner"; and that "appellee is not a fit and proper person" and that the children's "best interests and welfare is in danger of being seriously harmed while they are in the custody of the mother". Appellee denied the allegations, and after a full trial before Judge Harrison (being the same Judge who rendered the decree in the original divorce action) judgment was entered denying appellant's application for change of custody and ordered that the custody be and remain in appellee-mother. .Appellant timely files this

appeal and assails the judgment in three points of error, grouped together, the substance of which is that the trial judge abused his discretion because the preponderance of the evidence shows that the welfare and best interest of the two minor children will be served in the custody of appellant rather than in appellee.

Our Supreme Court has held that abuse of discretion in an award of custody is a question of law requiring an appraisal of the facts. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

Accordingly we have carefully read the entire record in this case and the testimony material to the issue of change of condition is summarized, as follows: Following the decree of divorce appellee and the two children moved to Arizona and then to California where appellee secured employment for the support of herself and her two children. After living with relatives appellee and her children moved into an apartment containing two bedrooms, living room, kitchen and bath. Appellee testified that she moved into this apartment because she wanted a home for herself. Appellee's hours of employment are from 8 o'clock in the morning until 4:30 in the afternoon and while she is working the children attend school. When the young boy gets out of school he goes to his grandmother's house or to a Cub Scout meeting, while on other occasions the sister takes care of her brother at home. Appellee admits that she goes out on dates with gentlemen friends on occasions. On one occasion one of her friends remained at the apartment until about 1:00 or 1:30 in the morning and on another occasion, faced with an emergency, he spent the night at the apartment but slept in the bed with the young boy. On occasions the friend brings intoxicating beverages into the apartment but there is no evidence of drunkenness there. Both children have dental trouble which one doctor testified was due to "nutritional condition"; or "too much starches and sweets". Appellee does attend church regularly and sees to it that the children are being raised in the Episcopal Church. The oldest girl is a member of a sorority at school and sang at both the school choir and the church choir. The young boy's activity is chiefly that of a member of the Cub Scouts. Contrasted to this, appellant testified that he had remarried, his second wife having two children by a previous marriage, and the family is living in a home at New Braunfels, Texas, which is described as a good home with ample yard for the children to play. Appellant's pastor testified to his good character and the suitability of the home. The little girl, Layle Christine, known as Deedee testified that she thought that she would rather live at New Braunfels than go back to California. The main reason she wanted to live in New Braunfels was that they had a new house and a swimming pool and that she and her brother could have a better time there. Judge Harrison interrogated her:

"The Court: You like it better down here. Is that what you are saying? Answer: No. Equal. I don't know. It is a bigger yard and everything. And Billy can have a lot of fun and I can have a lot of fun.

"The Court: Is that the reason you said you like it better than in California? Answer: And the people, but Mom never did anything wrong.

"The Court: About equal on that. O.K. Thank you very much."

The party seeking a change of custody has the burden of proving that since the judgment of divorce conditions have so changed as to render the other parent an improper custodian, or that the welfare of the children demands a change. Reid v. Horton, Tex.Civ.App.1954, 278 S.W.2d 626. To justify taking the custody from the mother to whom the children were awarded in the suit for divorce, it is not necessary to show that she is any worse than she was at the time the children were awarded to her. If it appears that she is living in open violation of law and morals, and the father shows that he is of-

good moral character and is not only desirous but further able to support and maintain the children, custody may properly be awarded to him. The mere fact that the children have been once awarded to the mother does not require they shall be left in her custody in an atmosphere of lawlessness and corruption. 15–B Tex.Jur. § 255, p. 95.

■ However, here we are presented with a decree denying the application of change of custody which carries with it implied findings by Judge Harrison that there had been no change of condition which would justify the allegations made by the father. It is to be presumed that the trial court endeavored to award the children to the person best fitted to care for them, and his judgment must be construed fairly in an effort to harmonize it with the facts and the law. Haynes v. Haynes, Tex.Civ.App.1945, 191 S.W.2d 81; Sawyer v. Bezner, Tex.Civ.App.1947, 204 S.W.2d 19.

■ A very clear case of abuse of discretion must appear before the appellate court will interfere with the finding of the trial court in a custody case. 15–B Tex. Jur. § 262, p. 113. Kollenborn v. Kollenborn, Tex.Civ.App.1954, 273 S.W.2d 660; Bryant v. Birdsong, Tex.Civ.App.1955, 277 S.W.2d 922.

■ It is not for this court to decide what character of decree it would have rendered had it been sitting as trial court. The question before us is not whether we would have held, as the trial court held, but whether the trial court abused its discretion. Roberts v. Jolly, Tex.Civ.App. 1955, 282 S.W.2d 436. The trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and since he had the opportunity to observe the parties and weigh their respective qualifications he is in a better position to determine what will be to the best interest of the children than can be ascertained by reading the record, con-

sequently an award of custody will not be disturbed on appeal unless we can say, in the light of the evidence, that the trial court closed his eyes to the welfare and best interest of the children involved. Wooster v. Thompson, Tex.Civ.App.1955,. 285 S.W.2d 954.

■ Applying these well-defined principles of law to the facts contained in this record we are unable to agree with appellant that Judge Harrison's judgment in this case is so contrary to the overwhelming weight and preponderance of the evidence that it should be set aside and custody awarded to the father, as a matter of law. The evidence does not reveal that these children are in any danger or are they being subjected to an atmosphere of immorality or illegality.

Finding no error the judgment of the trial court is, in all things, affirmed.