Donn G. HOLIEN et ux., Appellants,

v.

Lloyd Thomas BRIGGS, Appellee.

No. 16204.

Court of Civil Appeals of Texas.

Fort Worth.

March 17, 1961.

Mays & Mays and Charles Mays, Jr., Fort Worth, for appellants.

Byrom, Wright & Butcher and Robert L. Wright, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiff, formerly Mrs. Briggs, and defendant Briggs were divorced on June 27, 1958, and custody of their two children was awarded to defendant.

In October, 1959, plaintiff filed suit for change of custody on grounds of alleged material changes. On the hearing she failed to prove any change except her remarriage and acquisition of a home.

Findings of fact by the trial court included findings that the children were well cared for by defendant, were happy and well adjusted and their physical and mental adjustment had improved since the divorce, that they were receiving excellent care, and that defendant was a fit and proper person to have custody of the children. The court concluded that no change of circumstances had occurred since the original custody hearing in so far as the children were concerned, and that the best interest of the children would be served by retention of custody by the defendant.

The fact findings are fully supported by the evidence.

It is true plaintiff has, since the original custody order was entered, married and established a home. But whether or not such a change warrants a change of custody is a question within the discretion of the trial court. Son v. McConnell, Tex.Civ.App., 228 S.W.2d 290, refused; Wade v. Shaughnessy, Tex.Civ.App., 231 S.W.2d 494, refused; Bryant v. Birdsong, Tex.Civ.App., 277 S.W.2d 922.

A change of custody should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

The trial judge is vested with liberal discretion in determining the custody of

minor children. He sees the parties and observes their demeanor and personalities. He is in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child than can be ascertained by reading the record. Therefore, the awarding of the custody of a minor child will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Bryant v. Birdsong, supra; Valentine v. Valentine, Tex.Civ.App., 203 S.W.2d 693; Moser v. Duck, Tex.Civ.App., 287 S.W.2d 214; Wooster v. Thompson, Tex.Civ.App., 285 S.W.2d 954.

The same judge heard the evidence in both trials. After hearing all the evidence in the instant case he was convinced there had been no material change and that it was for the best interest of the children to remain in the custody of the defendant. In view of the record before us, we cannot say he abused his discretion.

Affirmed.