Carlos **FLORES** et ux., Appellants,

v.

Celestino **RIVERIA**, Appellee.

No. 8192.

Court of Civil Appeals of Texas, Amarillo.

Nov. 22, 1971.

Rehearing Denied Dec. 13, 1971.

Bill Neal, Vernon, for appellants.

Richard D. Bird, Childress, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment awarding the custody of a minor child, whose natural parents are both deceased, to the child's maternal grandfather in a contested child custody proceeding between the child's paternal uncle and his wife, appellants herein, and the grandfather-appellee.

Affirmed.

The child involved is Elaine Flores, a girl, who was about fifteen months of age at the time of the trial. Since the death of her natural parents on September 30, 1970, she has lived in the home of her maternal grandfather, Celestino Riveria. On November 25, 1970, the grandfather-appellee, as the nearest ascendant relative of the child, filed application for and was appointed as guardian of her person and estate by the County Court of Childress County, Texas, sitting as a probate court. Also, on November 25, 1970, Carlos Flores, the paternal uncle of the minor child, and wife, Dora Flores, appellants herein, filed this suit in the District Court of Childress County, Texas, seeking the custody of the child. The child custody suit was tried to the district court without a jury on February 4, 1971. After hearing the evidence, the court entered its judgment on February 4, 1971 (filed February 12, 1971), finding that it would be for the best interest of the minor child that the present care, custody and control be vested in Celestino Riveria, and awarding such care, custody and control to the grandfather-appellee. From such judgment the appellants have duly perfected their appeal which is predicated upon two points of error.

There was considerable testimony and evidence submitted by both sides as set out in the statement of facts. In addition to the parties to the suit, nine witnesses testified. These include a bank president, a former public school teacher, a co-worker of appellant, Carlos Flores, and a county sheriff, who each testified favorably toward the appellants' contentions. A deputy sheriff, a stock farmer and employer of appellee, a retired housewife and acquaintance of appellee, the appellee's son and daughter-in-law each testified affirmatively in support of the appellee's claims that he was a proper person to have custody of the child.

The trial court made and filed certain Findings of Facts and Conclusions of Law, including those requested by appellants, along with certain additional Findings and Conclusions made by the court.

The court found that both the appellants and the appellee are good and suitable persons to have the care, custody and control of the minor child and both could provide good and proper homes for the child. The court further found that the grandfather had been appointed as guardian of the person and estate of the minor by the County Court of Childress County, Texas, on November 25, 1970, and that no attack was made in the instant custody proceeding upon the order appointing the grandfather as guardian of the person of the minor. The court also found that no evidence concerning any change of conditions with respect to the minor or the contending parties since the date of such appointment of the guardian of the person by the county court was presented in this custody proceeding. The court made the additional findings that the grandfather is married, maintains a home in Childress, Texas, where he has had the care, custody and control for the past five years of his grandson who is the illegitimate child of his deceased daughter, Adela

Flores, such grandson being the half brother of Elaine Flores, the minor whose custody is involved in this case. The court found, also, that Elaine Flores was placed in the home of the maternal grandfather, Celestino Riveria, by the child's natural father immediately prior to the death of such natural father and the death of the child's natural mother. Furthermore, the court found that Celestino Riveria is receiving social security benefits for such minor child, and that he is financially able to support her.

In its Conclusions of Law the court set out that because the finding was made by the court in the Findings of Fact that the grandfather, Celestino Riveria, is a proper and suitable person to have the care, custody and control of the minor child and the court had also found that there was no attack made in the custody proceeding upon the order of the County Court of Childress County, Texas, appointing the grandfather as guardian of the person of the minor child, or no evidence that conditions or circumstances had materially changed with respect to the minor child or any of the parties to this custody proceeding since the guardianship order was entered, the court concluded that the grandfather is entitled to be awarded in this proceeding the care, custody and control of such minor child. Further, the court added to the foregoing the following specific Conclusion of Law:

> "The best interest and welfare of Elaine Flores will be served if she is placed in the care, custody and control of Celestino Rivera."

It is observed, also, that the judgment of the court dated February 4, 1971, the date of the hearing in this custody proceeding, is fully consistent with the above quoted additional Conclusion of Law, as demonstrated by the following language contained in the judgment:

> "* * * the court proceeded to hear the evidence in the case, and after hearing the evidence, being of the opinion that it would be for the best welfare of the minor child, Elaine Flores, for her present care, custody and control to be vested in the defendant, Celestino Rivera,

> "It is, therefore, ORDERED, ADJUDGED, and DECREED by the Court that the present care, custody, and control of said child shall be granted and same is herenow granted unto the defendant, Celestino Rivera."

■ The appellants contend in their first point of error that the trial court's finding that the best interest and welfare of the minor child would be served by placing her in the care, custody and control of her maternal grandfather is so contrary to the great preponderance of the evidence as to amount to an absue of discretion by the trial court.

Among other matters, the evidence shows that the maternal grandfather, sixty-eight years of age, and his wife who is fifty-nine years of age, have been caring for and supporting the minor child since the death of the child's parents. Also, the grandfather had been caring for and supporting a minor son born of a previous marriage of his daughter, Adela Flores, the natural mother of the minor child here involved. Also, the testimony showed that appellee owned his home, although he said it was a "poor house, but is decent." Further, the evidence shows that he was a religious man of the Catholic faith. The deputy sheriff of Childress County testified that he had known appellee six or seven years and that his reputation as a truthful, law abiding citizen was good. Also, a farmer and rancher, Erwin Carter, of Childress, Texas, who was well acquainted with appellee testified favorably regarding his reputation, stating: "It couldn't be any better." Although there was some adverse testimony given by appellants' witnesses to the effect that appellee was quite deficient in his ability to speak and understand the English language, Mr. Carter testified that appellee actually understands English and does "fairly well with the language." Mr. Carter also stated, along with other favor-

able comments concerning Celestino River-ia and his family, "He is absolutely a good, dependable man. I mean he has got a lot of qualities you can't buy with money." Also a neighbor and acquaintance testified unequivocally that appellee and his wife were wonderful people, had a clean home, kept the children clean and that the children were happy in their family life in the appellee's home. Further, the son and daughter-in-law testified most favorably concerning the appellee and his ability to provide a good home for the child. Additionally, the son, who had an income of approximately $8,000 per year, and his wife, each stated that they were very willing to give assistance in any way possible in connection with the appellee's caring for and maintaining the children.

Also, there was much favorable and no adverse testimony given by the various witnesses testifying in behalf of the appellants, Carlos Flores, thirty-one years of age, and his wife, who have four children, three of whom are their natural children and one, an adopted child who is the daughter of the deceased Adela Flores and half sister of Elaine Flores. As previously indicated, the court found that both the appellants as well as the appellee, could provide a proper home for the minor child involved in this proceeding.

It is well settled that in a custody proceeding, the question of a minor child's custody is addressed to the sound discretion of the trial court, " * * * who faces the parties and the witnesses, observes their demeanors and personalities, and feels the forces, powers and influences that cannot be discerned by merely reading the record * * *" Further, "It is a well-established rule of law that the judgment of the trial court in such a case will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion." Thompson v. Haney, 191 S.W.2d 491, 493 (Tex.Civ.App.—Amarillo 1945, no writ). Also, see Stanley v. Whitney, 259 S.W.2d 636 (Tex.Civ.App.—Fort Worth

1953, no writ); Taylor v. Taylor, 42 S.W. 2d 455 (Tex.Civ.App.—Waco 1931, no writ). In Bell v. Hoskins, 357 S.W.2d 585 (Tex. Civ.App.—Dallas 1962, no writ) the court stated:

"It is to be presumed that the trial court endeavored to award the children to the person best fitted to care for them, and his judgment must be construed fairly in an effort to harmonize it with the facts and the law. * * *

* * * * * *

" * * * consequently an award of custody will not be disturbed on appeal unless we can say, in the light of the evidence, that the trial court closed his eyes to the welfare and best interest of the children involved. * * *"

See also, Gillespie v. Gillespie, 343 S.W.2d 281 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.); Wooster v. Thompson, 285 S.W.2d 954 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n. r. e.); Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup.1966).

It has been further established that where the decision regarding child custody is supported by evidence of probative value, the appellate court cannot say that the discretion so vested in the trial court was abused. Ponce v. Ponce, 412 S.W.2d 777 (Tex.Civ.App.—Dallas 1967, writ dism'd); Watts v. Watts, 390 S.W.2d 30 (Tex.Civ. App.—El Paso 1964, writ ref'd n. r. e.); Donley v. Hunter, 426 S.W.2d 250 (Tex. Civ.App.—Houston (1st Dist.) 1968, no writ).

The determination of the weight and credibility of the testimony of the parties to the action and various other witnesses and evidence was clearly for the trial court. The court was in a position to observe the attitude and demeanor of the parties to the action as well as the degree and nature of the interest and circumstances pertaining to each witness and his or her testimony and draw all reasonable inferences therefrom as it proceeded to make its decision on the paramount issue as to the welfare of the

children. The court determined to resolve this contest in favor of the appellee, and we find no basis for any finding of abuse of the court's discretion.

 Appellants contend in their second point of error that the trial court misapprehended and misapplied the law in this custody proceeding in that the court erroneously treated a prior guardianship proceeding in the Childress County Court as an award of custody.

It is well settled that the district court is the appropriate forum for the determination of the custody of the minor child. The county court does, however, have original jurisdiction to appoint a guardian of the person and estate of a minor child and a duly qualified guardian of the person is entitled to the charge and control of the person of the ward pending the final adjudication of the custody issue by the District Court of Childress County. Williams v. Foster, 229 S.W. 896 (Tex.Civ. App.—Amarillo 1921, no writ). Also, under Section 110 of the Texas Probate Code, V.A.T.S., in order for a person to qualify as a guardian it must be shown that he is a competent person of sound judgment. Although such finding is not binding on the district court in the making of the necessary determinations in connection with awarding custody in the district court proceeding, we know of no prohibition against the court's giving consideration to all matters of which it is entitled to take cognizance, including the fact that a party has qualified as a guardian, presumably meeting the qualification of being a competent person of sound judgment, in conjunction with the other evidence submitted regarding the witness of the party to have the care, custody and control of the minor child. It is further observed that the appellants' failure to attack the appellee's appointment as guardian of the person was not shown to be the only reason for the court's awarding the custody to the appellee. In any event, in both the Conclusions of Law and Judgment in the district court custody proceeding, the court made the specific finding that it would be for the best interest and welfare that the present care, custody and control of the minor child be vested in the appellee. We hold, therefore, that the statement of the court concerning the guardianship matter should neither be considered as controlling nor militate against an ultimate finding and judgment that the best interest of the child would be best served by awarding the custody to the appellee in the district court custody proceeding.

Since the trial court, despite the reference to the guardianship proceeding in the county court, made the ultimate conclusion and entered its judgment to the effect that the best interest of the child, which is the paramount issue, would be best served by awarding her care, custody and control to the appellee, and in the absence of a finding of abuse of discretion on the part of the trial court, we overrule the appellants' points of error. Accordingly, the judgment of the trial court is affirmed.