**STANLEY et al. v. WHITNEY et al.**

No. 15435.

Court of Civil Appeals of Texas.
Fort Worth.

May 29, 1953.

Rehearing Denied June 26, 1953.

George W. Harwood, of Dallas, and Davenport & Anderson, of Wichita Falls, for appellants.

Jimmy Castledine and Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, for appellees.

RENFRO, Justice.

On August 8, 1952, a district court of Wichita County, in cause No. 610, adjudged a minor child, Patricia Ann Meador, to be a dependent and neglected child and awarded its temporary custody to Children's Aid Society of West Texas.

On November 21, 1952, appellants Annie Stanley and Willard C. Meador, maternal grandmother and father, respectively, of said child, filed cause No. 51310 in a district court of Wichita County to set aside the above-mentioned judgment of dependency and requesting custody of the child be awarded to appellant Annie Stanley. Both appellants were nonresidents of Wichita County and neither one had notice of the August 8th hearing.

Mrs. Madge Whitney, executive secretary of the Children's Aid Society, filed an amended petition in the dependency suit and by agreement the two suits were consolidated and tried before the court without the intervention of a jury. The cause was tried on December 4, 1952, and judgment rendered setting aside the former order of dependency but re-adjudicating the child to be a dependent and neglected child, and, based upon a finding that it was to the best interest of the child that its custody be awarded to Children's Aid Society of West Texas, awarded custody to said institution.

The appellants, in points 1 and 4, argue there was no evidence to sustain the court's

finding that Patricia Ann was a dependent and neglected child.

The uncontradicted evidence reveals that appellant Meador obtained a divorce from his wife, Polly Ann, in Dallas County on March 31, 1951, and was awarded custody of the child in question. He arranged for the child to live in the home with his ex-mother-in-law, appellant Annie Stanley, who is the mother of his former wife, Polly Ann. In February or March, 1952, Polly Ann Meador and her sister, Ann Price, took the child from Mrs. Stanley's home. Some time after the child was taken from her home, Mrs. Stanley contacted the juvenile officer and a deputy sheriff in Dallas County and was informed by them that since she did not have legal custody of Patricia Ann, she could not bring action to recover its custody. She did not notify appellant Meador that the child had been taken from her. Appellant Meador made no inquiry concerning the child. From some time preceding the taking of the child by Ann Price, Meador never inquired of his daughter's welfare; did not send any money to Mrs. Stanley for the child's support; and never went to Dallas to see the child. After learning Mrs. Stanley no longer had the child, he still, so far as the record reflects, took no immediate steps to regain its possession, and did not offer to provide a home for it and support it. The record is silent as to the whereabouts of the child for the following six months. Neither appellant made any effort to locate the child or regain it. Meador knew nothing of its being taken until his ex-father-in-law, the divorced husband of Mrs. Stanley, told him the authorities had possession of the child in Wichita Falls. This was apparently about three months before the instant suit was filed. Meador contributed nothing to the child's support during the year 1952.

On the night of August 2–3, at about 1:00 or 2:00 o'clock A.M., Ed Price, husband of Ann Price, was apprehended while on the streets of Wichita Falls, soliciting men to go to a certain hotel suite occupied by his wife, the child in question and another woman. At least eight men responded to his solicitation, singly and in groups, and went to the designated suite. Ann Price would open the door for them, serve them drinks and admit them, one at a time, to the bedroom occupied by the other woman. The minor child, Patricia Ann, three years of age, was awake and remained in the living room with Mrs. Price and the waiting men throughout the events occurring that night. The officers apprehended several of the men after they left the suite and several testified that the little girl was playing in the room while they were there, that Ann Price served them drinks and that they had relations with the other woman. The officers called Mrs. Whitney to take temporary care of the child pending a dependency hearing. While appellants referred to a visit to Wichita Falls subsequent to the dependency hearing, there is no testimony that they endeavored to obtain possession of the child or care for her until this suit was filed, more than three months after it had been taken into custody by the officers in Wichita Falls.

Article 2330, R.C.S., defines, in part, the term "dependent child" or "neglected child" to be "any child under sixteen years of age * * * who has not proper parental care or guardianship, * * * or who is found living in any house of ill fame or with any vicious or disreputable person, or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care it may be, is an unfit place for such child; * * *."

■■ The evidence of the sordid surroundings and environment in which Patricia Ann was found is sufficient to uphold the trial court's finding that Patricia Ann was a dependent and neglected child. When found by the officers she did not have proper parental or guardianship supervision. She was found in a hotel suite used for purposes of ill fame and in the possession of disreputable people. The place where she was found was obviously an unfit place for a child. The evidence is undisputed that it had been cared for since August 8 by the Children's Aid Society. The trial court being reasonably convinced from the evidence that Patricia Ann was a dependent and neglected child, it was his duty to so declare. Sutter v. Yutz, Tex. Civ.App., 223 S.W.2d 554. The appellate

court has no authority to render judgment contrary to that rendered by the trial court where the evidence is sufficient to sustain that of the trial court. Davis v. Sears, Tex. Com.App., 35 S.W.2d 99. We sustain the action of the trial court in declaring Patricia Ann Meador to be a dependent and neglected child.

■ The court having found that Patricia Ann was a dependent and neglected child, it then became its duty to determine in whose custody the interest of the child would be best served. De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687. The appellants argue the court erred in not awarding custody to appellant Meador. Both by his pleadings and testimony Meador disclaimed any right to custody. He pleaded and testified that he was unable to care for his daughter and further that he had transferred any and all rights to the child and its custody to appellant Mrs. Stanley. Under the circumstances, the court did not err in failing to award the custody of the child to appellant Meador.

■ Appellants next contend the court erred in refusing to award custody to appellant Annie Stanley. The court could, and probably did, take into consideration her unfortunate failure in rearing her own daughters. One of them, according to appellant Meador's own testimony, is a prostitute and the other, Meador's former wife and mother of the subject child, is morally unfit to have custody of her own child. No reason is given why appellant Annie Stanley is better qualified to provide proper care for and rear her granddaughter than she was to rear her own daughters. Moreover, the court had before it the undisputed evidence showing appellant Annie Stanley's apparent indifference to the child's whereabouts and welfare for the eight or nine months' period following her loss of its possession. As stated, she did not even notify the father of the loss of the child. Except for the inquiries heretofore mentioned, directed to the juvenile officer and deputy sheriff of Dallas County, the record is silent as to any effort by her to obtain possession of the child or even learn its whereabouts. It is true she proved that she was financially able to give the child ma-

terial advantages but that is only one circumstance to be considered in determining the best interest of the child. There is no testimony concerning her religious life or any plans concerning the religious, moral and cultural life of the minor child here involved. Appellant Annie Stanley insists she was entitled to custody because the father of the child wanted her to have custody. The desires of the parent are not controlling when such desires conflict with the best interest of the child. Kelly v. Applewhite, Tex.Civ.App., 231 S.W.2d 974; Thompson v. Haney, Tex.Civ.App., 191 S. W.2d 491; Murphey v. Walker, Tex.Civ. App., 209 S.W.2d 371. Under the circumstances of this case, the child was entitled to the benefits of a home and environment which would probably best promote its interest. Legate v. Legate, 87 Tex. 248, 28 S.W. 281.

Finally, the appellants take the position it was error on the part of the court to award custody of the child to Children's Aid Society of West Texas. Article 2335, R.C.S., provides that where a child is found to be a dependent or neglected child an order shall be entered making such disposition of said child as to the court seems best for its moral and physical welfare. Under the provisions of said Article it may be turned over to the care and custody of any suitable person or any suitable institution in the county or state organized for the purpose of caring for "dependent children." The record reflects that Children's Aid Society of West Texas is such a "suitable institution."

■■ The court having found the child to be a dependent and neglected child, its custody was left to the sound discretion of the court. The trial court faced the witnesses and observed their demeanors and personalities. He was in a position to analyze the facts, weigh the virtues of the parties and determine the best interest of the child. In such situation the judgment of the trial court will not be disturbed on appeal unless the award of custody is so contrary to the great preponderance of the evidence as to show an abuse of discretion. After carefully reviewing the statement of facts we cannot say that the evidence ad-

duced was such that we should disturb the judgment of the trial court, finding that the best interest of the child would be served by awarding its custody to Children's Aid Society of West Texas.

All points of error are overruled, and the judgment of the trial court is affirmed.