IN RE GARY MICHAEL BELCHER, A MINOR, JOYCE MCALPINE,
SUPERVISOR, POTTER COUNTY CHILD WELFARE UNIT
V. JOAN BELCHER

No. A-5636. Decided April 18, 1956.
Rehearing overruled May 23, 1956.
(289 S.W. 2d Series 915)

*Lon Moser*, of Amarillo, for petitioner.

There being ample evidence in the record to justify the finding by the trial court that the petition of Joan Belcher to change the custody of the child should be denied, it was error for the Court of Civil Appeals to substitute its judgment for that of

the trial court and give control to a presumption that it was for the best interest of the child for a parent to have its custody when it appeared from the record that her parental rights had been terminated in the prior adjudication which found the said Gary Michael to be a dependent and neglected child, which the mother did not undertake to set aside. Williams v. Henderson County Levee Imp. Dist., Com. App., 36 S.W. 2d 204; Texas Creosoting Co. v. Hartburg Lmr. Co., Com. App., 12 S.W. 2d 169; State ex rel Wood v. Deaton, 93 Texas 243, 54 S.W. 901.

*Harris E. Lofthus*, of Amarillo, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

On September 1, 1954, the Court of Domestic Relations in and for Potter County, Texas, entered its judgment declaring Gary Michael Belcher a dependent and neglected child, and in accordance with the provisions of Article 2337, Vernon's Annotated Civil Statutes of Texas, the Court decreed that all parental rights terminate as of the date of the judgment. These proceedings, which were instituted by the petitioner, were in all respects regular and no attack has been made on the judgment. The Court declared the child to be a ward of the Court, and awarded the temporary care, custody and control to the petitioner, Potter County Child Welfare Unit.

On April 21, 1955, respondent, the mother of the child, instituted the present proceedings alleging that she was the natural mother of said minor; that the whereabouts of the father were unknown to her; that no person had the superior right under the natural law to have the custody of the child, and that as against the petitioner, a third party, she had a superior right and that the petitioner had forcefully taken possession of the child and wrongfully withheld from her its rightful custody. The respondent further alleged "that Petitioner's situation has changed for the better since the adjudication of this Court on the 8th day of September, 1954, that said minor child was at that time dependent and neglected; that Petitioner has since that time become emotionally stable and financially secure, and is now well able to take custody of said child and to afford it the advantage of its own home and the loving care of its own mother; that the best interest of said minor child would be served by awarding its custody to Petitioner." The Court, after hearing evidence introduced in a trial before the Court without the aid of a jury, entered its judgment denying respondent's plea. The judgment contains the following findings:

"That the said child, Gary Michael Belcher, was adjudged to be a dependent and neglected child by judgment entered in this cause on September 1, 1954, and the custody of the said child was decreed to the Potter County Child Welfare Unit.

"That upon hearing of this case the Petitioner did not undertake to have the said judgment set aside on the grounds that the said child was not a dependent and neglected child at the date of said judgment of September 1, 1954, but limited her testimony to the proposition that the situation of Petitioner, Joan Belcher had so changed since the entering of said judgment that the custody of the said child should now be given to her.

"That it has not been made to appear to the Court that such requested change of custody of said child is to the best interest of the child, nor that the cause of dependency of said child would be removed by placing said child in the care and custody of the Petitioner.

"That the facts, circumstances, and justice do not require that the said custody order be changed so as to take the custody of said child out of the said Child Welfare Unit and decree it to the Petitioner."

This judgment was reversed and rendered by the Court of Civil Appeals. 284 S.W. 2d 182.

■ The respondent as appellant in the Court of Civil Appeals presented to that Court only one point, which reads: "The trial court abused its discretion in failing to grant appellant custody of her child because a parent has a prior right under the law to custody of her child, there being no evidence to show that she is not a fit and proper person to have such care, custody and control." The respondent relies upon such cases as Garner v. Bowles, 1921, Texas Civ. App., 233 S.W. 300, wr. ref.; State ex rel. Wood v. Deaton, 93 Texas 243, 54 S.W. 901; Bradley v. Bradley, Texas Civ. App., 199 S.W. 2d 545, no writ history, and Fox v. Fox, Texas Civ. App., 210 S.W. 2d 622, no writ history. Those cases have no application here. They announce the rule that if a parent is not disqualified, the law presumes it is to the best interest of the child that he, or she, should have custody, as against third parties. In the case at bar, the judgment of the trial court to the effect that the minor involved was a dependent and neglected child has not been attacked by the respondent, and that question was not before the court. The only question we have to determine is whether or not the trial court abused

its discretion in denying and refusing to grant respondent's motion for custody. The question is one of law requiring an apprisal of the facts. We have examined the record carefully and hold that the trial court did not abuse its discretion in holding that it would not be to the best interest of the child to award its care and custody to the respondent. See Taylor v. Meek, 154 Texas 305, 276 S.W. 2d 787, and cases therein cited.

In the case of Dewitt et ux v. Brooks et ux, 143 Texas 122, 182 S.W. 2d 687, this court said:

"The plaintiffs contend that since they were admittedly the natural parents of the child, and since the trial court found that they were suitable persons to have the custody of the child, they were, as a matter of law, entitled to its custody. The holding of this Court in the case of State ex rel. Wood v. Deaton, 93 Texas 243, 54 S.W. 901, seems to justify that contention. However, since the rendition of that decision in 1900 the Legislature has by positive enactment, we think, changed the public policy of this State in this respect. Article 2337 provides that in a case where a child has been adjudged to be dependent and neglected, the parents shall thereafter have no right over, or to the custody of, the child, except upon such conditions as may be ordered by the court. * * *"

Under Article 2337, supra, the court, upon proper proceedings may restore to the parent the custody of a child which has been declared a dependent and neglected child, and has the power and authority to alter or change such judgment, or suspend the same, as the facts and circumstances and justice may require.

■ We hold that under the facts and circumstances surrounding this case the question of the best interest of the child was not to be determined in this subsequent hearing on the basis of being an issue between natural parents and third parties, but the court having in the first hearing determined, as a matter of law, that the respondent was disqualified to exercise parental authority over the child, and declared the child to be dependent and neglected and a ward of the court, the burden rested on respondent to establish by competent evidence that since the former trial the best interest of the child would be served by awarding its custody to her. No one is in a better position than the trial court to determine this issue. We see no point in detailing the evidence introduced at the hearing which, we think without question supports the findings of the trial

court. The evidence on the vital issue of changed condition was conflicting. We find no abuse of discretion on the part of the trial court. Son v. McConnell, Texas Civ. App., 1950, 228 S.W. 2d 290, wr. ref.; Wade v. Shaughnessy, Texas Civ. App., 1950, 231 S.W. 2d 494, wr. ref.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered April 18, 1956.

Rehearing overruled May 23, 1956.