Mary Lou BROOME, Appellant,

v.

The EDNA GLADNEY HOME, Appellee.

No. 15750.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 19, 1956.

Rehearing Denied Nov. 16, 1956.

Mays & Mays, Dave Miller and Chas. Mays, Fort Worth, for appellant.

McDonald, Sanders, Nichols, Ludlum, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellee.

RENFRO, Justice.

Appellant Mary Lou Broome appealed from a judgment wherein the trial court refused to set aside a dependency judgment and award custody of an infant boy to her.

Appellant, a single girl nineteen years of age gave birth to the child in question on April 15, 1955, while a patient in The Edna Gladney Home. On the 20th of April, she signed an instrument in which she released her parental rights to the child and consented that The Edna Gladney Home might place the child for adoption. On the same date, April 20, 1955, a sworn petition addressed to the Juvenile Court of Tarrant County was presented to appellant, setting out that the Broome infant was a dependent and neglected child and requesting the court to enter an order to that effect. Attached to the petition was an endorsement reading as follows: "I request that the baby boy born to me in the West Texas Maternity Hospital in Fort Worth, Texas, on the 15th day of April, 1955, be declared a dependent child in order that it may be accepted by The Edna Gladney Home and placed for adoption." The endorsement was signed and sworn to by appellant.

The dependency petition was filed in the Juvenile Court as Cause No. J-2444 on April 23, 1955, and on the same date the court entered judgment adjudicating the infant to be a dependent child, terminating the parental rights of appellant and awarding custody to The Edna Gladney Home, a licensed child-placing institution. A few days thereafter The Edna Gladney Home placed the child with prospective adoptive parents.

On May 31, 1955, appellant filed a petition for writ of habeas corpus in the 48th District Court of Tarrant County, seeking possession of the child. On June 13, 1955, she filed a petition in the Juvenile Court seeking to set aside the dependency judgment theretofore rendered. The two actions were consolidated and tried in Juvenile Court in January, 1956. The jury found

that no fraud had been perpetrated upon appellant by the Home; that the infant was in fact a dependent child when it was so adjudged on April 23, 1955; and that appellant abandoned or voluntarily surrendered the custody of the child to the Home. At the request of appellant the trial court filed extensive findings of fact and conclusions of law. The court found that appellant was not a fit and proper person to have the care and custody of the child and that the highest and best interest and the future welfare of the child, "in the light of the facts found by the jury, and under all of the present conditions and circumstances of the plaintiff, Mary Lou Broome, would be best served by having the care and custody of said child continue as ordered in the dependency judgment of April 23, 1955, * * *."

Appellant's first three points of error question the validity of the original dependency judgment because no evidence was introduced at the hearing.

■■ The sworn dependency petition set out allegations which, if true, required the judgment of dependency for the benefit and welfare of the child. Under the circumstances as they existed at that time, it was a matter of importance that action be taken by the court at once for the protection of the child. Appellant had made no plans for the child; she was on the verge of leaving Fort Worth for her home several hundred miles distant. Attached to this very petition was a sworn request from appellant that the child be declared a dependent child. Article 2332, R.C.S., makes provisions for just such an endorsement as she executed. Not only did the petition state sufficient facts to show the child was a dependent on April 23, 1955, but the evidence offered by appellant at the hearing in 1956 showed conclusively that as of April 23, 1955, appellant had no way of taking care of the child. It seems to us her endorsement specifically requesting the court to declare the child a dependent, sworn to and attached to the sworn peti-

tion which set out facts showing the child to be a dependent child, was equivalent to an admission that the statements in the petition were true. In view of the facts in this case, we are of the opinion the points of error are not well taken. The court did what appellant specifically requested it to do, namely, provide for the care of a child she herself could not care for. See 17 Tex. Jur., pp. 555–572.

■ Points five through twelve pertain to issues requested by appellant to be submitted to the jury. Some of the issues referred to are not included in the transcript and we will not consider same under Rule 279, Texas Rules of Civil Procedure. We have carefully considered all other requested issues and, finding no error in the refusal of the trial court to give same, overrule the points without further discussion.

■ The thirteenth point complains of the refusal of the court to permit counsel to "further question her concerning her love and affection for her child." The statement of facts shows that appellant was allowed wide latitude in testifying as to her feelings for the child. We perceive no error in the ruling of the trial court.

■ In her fourteenth point of error appellant complains of the refusal of the court to allow appellant to question the witness Cheney as to whether or not the Home required donations from adoptive parents. The witness testified on cross-examination she had nothing to do with adoptions and repeatedly answered she did not know whether any such charges were made. The manner of the cross-examination and its extent must rest largely in the discretion of the trial court. Where the cross-examination is merely repetitious, the trial court may refuse further cross-examination. Texas Law of Evidence, McCormick and Ray, p. 370, sec. 280.

By points four and fifteen through twenty-three, appellant contends the court

abused his discretion in failing to award custody of the child to her. It is her position that, in the absence of positive disqualification, a natural parent is entitled to custody, as a matter of law, as against third parties.

In De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, 690, the Supreme Court held that "While ordinarily the natural parents are entitled to the custody and care of their child, this is not an absolute unconditional right. The State has such an interest in the welfare of its citizens as will authorize the enactment of suitable legislation by which the State may assume the custody of children and the parents may be deprived of the custody thereof where the parents abandon the children or neglect them in such manner as to cause them to become a public charge, or where the parents otherwise prove to be unsuitable. * * * Proof of the unsuitableness of the parents to have the custody of their children may be shown by evidence that they had abandoned them." The court further held that parents may voluntarily relinquish their right to the custody of their child either by agreement or by abandonment or by such other neglect or mistreatment as will authorize the intervention of the state for the best protection of the child, and where they do so the state has the lawful right to award the custody of such child to others.

Even when a decree of dependency is entered without notice to the parents it is valid subject only to the right of the parents to a full hearing in a subsequent proceeding on the issue as to whether the child was in fact a dependent and neglected child. If, upon such subsequent hearing, it appears that the parents had abandoned the child or otherwise neglected it to such an extent that it had in fact become a dependent or neglected child within the meaning of the statute, then the proceedings are valid against the parents.

The Supreme Court in the case of In re Belcher, 289 S.W.2d 915, held where the mother brought an action for custody of a child subsequent to an adjudication of dependency the only question to be determined by the appellate court was whether or not the trial court abused its discretion in refusing to grant custody to the mother, and held in such a situation the burden rested on the mother to establish by competent evidence that since the former trial the best interest of the child would be served by awarding its custody to her.

In Taylor v. Meek, 154 Tex. 305, 276 S. W.2d 787, the Supreme Court held that where an award of custody has once been entered a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child, and the presumption that it is to the best interest of the child to be raised by its natural parent cannot be controlling in the face of a final judgment to the contrary, and, whatever effect such a presumption may have in an original custody action, it cannot control a suit to change custody.

In the instant case appellant was given a full hearing as to whether the child was a dependent child on April 23, 1955. The evidence amply supports the jury verdict that the child was a dependent at that time.

The court, after hearing all the evidence, and in light of the facts found by the jury, determined the best interest of the infant would best be served by leaving custody as adjudicated in the dependency judgment.

The question of whether a trial judge has abused his discretion is one of law requiring an appraisal of the facts. The trial court must look, in the light of all the circumstances, to the best interest of the child. By reason of the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony and to evaluate the virtues of the parties, no one is in a position to do this better than the trial court. He is the sole judge

of the credibility of the witnesses and of the weight to be given their testimony. Viewing the record as a whole, we cannot say the trial court abused his discretion in refusing to disturb the custody award theretofore made.

The judgment of the trial court is affirmed.