104 So.2d 651 (1958)
William T. PENDARVIS and Shelia Pendarvis, Appellants,
v.
STATE of Florida, Appellee.
No. A-216.
District Court of Appeal of Florida. First District.
July 3, 1958.
Schwartz, Proctor & Bolinger, Jacksonville, for appellants.
Nathan Schevitz, Asst. State Atty., Jacksonville, for appellee.
STURGIS, Chief Judge.
Appellants are the parents of a minor, identified as W.T.P., Jr., who on December 7, 1955 was adjudged by the Juvenile Court of Duval County (Juvenile Court Case No. 19308) to be dependent and his custody awarded to his paternal uncle and aunt, hereinafter called the custodians.
On September 18, 1957 appellants filed a petition in the Juvenile Court in substance alleging that the legal custodians had failed to properly care for the child, that he remained dependent, and that they were fit, able, and willing to assume their parental obligations to him, and praying to have *652 his care, custody and control awarded to them.
The trial judge heard testimony and on October 31, 1957 entered an order containing findings to the effect that the legal custodians had taken good care of the child and that his best interests would be served by continuing him in their care, custody, and control "for the present," and it was so ordered. This appeal is taken to review that order.
The question of law presented may be stated thus: Where a child has been lawfully adjudged to be a dependent or delinquent child and his care and custody awarded to persons other than his natural parents, is it incumbent on the court to forthwith transfer his care and custody to his parents upon their application, assuming they make a showing of fitness, ability, and willingness to perform their parental obligations? The word "forthwith" is emphasized because the order appealed contains language clearly indicating that the retention of the child's custody in the present custodians is in no sense intended to be irrevocable. On the contrary, the finding that such custody should be continued in them "for the present" opens the door of the court for appellants to apply in due season for an order modifying or setting aside the original order.
Appellants insist that the evidence before the trial judge demonstrated that they are presently qualified to have the care and custody of their child, and that general proposition appears to be correct. They contend, therefore, that the Juvenile Court had no alternative other than to commit the child to their care and custody.
The appellee, State of Florida, resists appellants' contentions by insisting that the question of the child's dependency was determined and adjudicated by the order of December 7, 1955, the propriety of which has not been questioned, that the order appealed did not make any additional or supplemental finding of dependency, and that the trial court merely refused to modify its prior order finding the child dependent and vesting his care and custody in his paternal uncle and aunt. These recitations of fact are correct.
Section 39.14, Florida Statutes, F.S.A., governing appeals from the orders of juvenile courts, limits our review to the determination of whether a lawful order has been entered by the juvenile court and we are commended by the statute not to substitute our judgment for that of the juvenile court in discretionary matters. We may only inquire whether the judge misinterpreted the legal effect of the evidence as a whole or in some other manner departed from the essential requirements of the law. Noeling v. State, Fla., 87 So.2d 593.
Once a child has been lawfully declared to be a dependent or delinquent child, it becomes a ward of the state and a broad discretion is vested in the juvenile court to do those things which appear to the court to be in the best interest of the child. The question of who is a proper person to have the care and custody of such child is not one that can be directed by the whim, fancy, or caprice of those who had the responsibility and right under God's, nature's, and man's law to nurture, care for, and support their offspring, and who by their own making have forfeited that right and cast the responsibility upon others. Evidence that may be totally inadequate to deprive a parent of the custody of his child in the first instance may be altogether adequate to support the court's refusal to restore custody to the parent once the child has become a ward of the state.
We are not prepared to say, and the record in this case does not call upon us to do so, where the distinction shall be drawn between the exercise by the trial judge of the reasonable discretionary powers vested in him by Chapter 39, Florida Statutes, F.S.A. and such an arbitrary exercise thereof as would entitle this court to intervene. *653 Each case must stand upon its own footing.
After carefully reviewing the record in this cause, we are not convinced that the trial judge arbitrarily exercised his discretionary power.
Affirmed.
CARROLL, DONALD, and WIGGINTON, JJ., concur.