STURGIS, Judge.
This is the second appearance of these parties before this court in substantially similar proceedings, wherein the order appealed denied immediate custody of an infant to its natural parents. The prior case (Pendarvis v. State, Fla.App., 104 So.2d 651) presented the same question as *82 that with which we are now confronted: whether on the evidentiary showing made by the appellants, who are the natural parents of W. T. P., Jr., an infant, the juvenile court committed reversible error in denying their petition for immediate custody of their infant son who because of their dereliction has become a ward of the state and committed to the custody of foster parents.
While the cold evidence for our reading, and upon which the present fitness of the natural parents to have immediate custody of their infant child is predicated, for the most part indicates that their conduct has been such as to remove the causes for which the child was originally taken from them and made a ward of the state, there is evidence upon which an opposite conclusion could have been and was reached by the trial judge. This court was not in position to observe the demeanor of the witnesses or to evaluate their testimony, as he was. As said in Epperson v. Epperson, Fla., 101 So.2d 367, 369:
“In resolving domestic problems there is little substitute for the judgment of an able and experienced Chancellor, who, as here, hears the testimony, views the parties and witnesses and concludes himself on the basis of his direct, personal contact with the litigation.”
There are vital considerations other than the simple desire of the parents to retake the custody of a child where custody was initially forfeited by their flagrant failure to perform their parental obligations to the child. The primary consideration now, as always, is the welfare of the child. In exercising its judicial discretion upon the question vel non custody shall be restored to such natural parents, the factors to be considered by the Juvenile Judge necessarily include: the age of the child, the periods of time he has spent with his natural parents, at institutions, and with foster parents, the effect of removing him from his foster home, and the affection, economic and psychological well-being, and cultural advantages which he can reasonably anticipate from his foster parents. In re Belcher, 155 Tex. 560, 289 S.W.2d 915; People v. Free Synagogue Child Adoption Committee, 194 Misc. 332, 85 N.Y.S.2d 541.
The discretion exercised by the trial judge will not be disturbed on appeal unless the error is flagrant and the abuse of discretion egregious. Having carefully reviewed the record, we are not prepared to say that the Juvenile Judge abused his discretion in denying immediate custody to the petitioners, and on the authority of Pendarvis v. State, Fla.App., 104 So.2d 651, this cause must be and it is
Affirmed.
CARROLL, DONALD K., J., concurs.