Evelyn Barber SHIELDS et vir, Appellants,

v.

TARRANT COUNTY, Texas, Appellee.

No. 16334.

Court of Civil Appeals of Texas.

Fort Worth.

May 25, 1962.

Whiteside & Baker, and John Whiteside, Fort Worth, for appellants.

Doug Crouch, Dist. Atty., Tarrant County, and Gordon Gray, Asst. Dist. Atty., Fort Worth, for appellee.

RENFRO, Justice.

On August 8, 1960, Kenneth Shults and Judy Shults were, along with four half sisters and brothers, adjudged to be depend- ent and neglected children and their custody awarded to Lynn Ross, Juvenile Probation Officer of Tarrant County.

On April 27, 1961, Mrs. Shields, mother of the Shults children, joined by her husband, filed a petition seeking to vacate the dependency judgment, and prayed for custody of the two above named children. From an adverse judgment she appealed.

The appeal is before us without a statement of facts.

The plaintiffs do not attack the original judgment to the effect that the children were dependent and neglected children, hence the only question before us is whether the trial court abused its discretion in denying and refusing to grant plaintiffs' plea for custody.

The court found that at the time the children were decreed to be dependent and neglected plaintiff and her husband had been heavy drinkers of intoxicating beverages, frequented bars leaving the children alone, unattended "and being very neglected"; that as of the time of the custody hearing the Shields were not drinking to "great" excess, and were attending a small church where some members of the congregation had attempted to give them moral assistance. Three of the other children have been allowed to return to the Shields on a temporary trial basis. The court expressly found that it was to the best interest of the two children that their custody not be changed. There was no finding that plaintiffs were fit and proper persons to have custody of the two children involved and no request for such finding.

The two children involved having been declared to be dependent and neglected and made wards of the court, the burden was on the plaintiffs to establish by competent evidence that since the former trial the best interest of the children would be served by awarding custody to them. In Re Belcher, 155 Tex. 560, 289 S.W.2d 915; Broome v. Edna Gladney Home, Tex.Civ. App., 295 S.W.2d 266.

A change of custody should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

In a case such as the one before us the judgment of the trial court will not be disturbed on appeal unless the award of custody is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Stanley v. Whitney, Tex.Civ. App., 259 S.W.2d 636; Wooster v. Thompson, Tex.Civ.App., 285 S.W.2d 954.

It does not appear from the findings of fact that an erroneous judgment was entered. The trial court heard the evidence before making the findings on which his judgment is based. We do not have the benefit of this evidence. In the absence of a statement of facts, under the record before us, the court's findings are conclusive upon the issues determined.

The judgment is affirmed.