PER CURIAM.
The appellant, a 16 year old minor, appeals an order of the juvenile court rescinding an earlier order of probation and reinstating its original order committing appellant to Florida School for Boys at Okeechobee, Florida. Appellant previously had been adjudged delinquent within the meaning of Fla.Stat. § 39.01(11), F.S.A. and was ordered committed. The adjudication was not challenged by a timely appeal. Fla. Stat. § 39.14(2), F.S.A.; In re Evans, Fla.App.1960, 116 So.2d 783.
Subsequently the juvenile court suspended the commitment pending appellant’s good behavior, and appellant was placed on probation. The conditions of probation were clearly set forth. Approximately four months later the appellant was officially reported to have violated several conditions of his probation. The Court thereupon rescinded the probation and reinstated the order of commitment. The appellant contends that this was error in that, among other things, the record does not reflect that the order of rescission and reinstatement of commitment was entered pursuant to regular court hearing.
Essentially the only question for our determination is whether or not the juvenile court abused its discretion in revoking probation and reinstating the order of commitment. Cf. Pendarvis v. State, Fla.App.1958, 104 So.2d 651; Fla.Stat. § 39.11, F.S.A. The appellant would have us reverse not only the reinstatement of commitment but also the prior order of February 13, 1963 which adjudged him delinquent. We have previously noted that the adjudication was not appropriately challenged; nor is it otherwise shown from the instant record that the appellant was denied due process with respect to said adjudication. Further, it does not appear that the court abused its discretion in entering the subsequent order of rescission and reinstatement of commitment. Once a child had been lawfully declared a delinquent, a broad discretion is vested in the juvenile court to do those things which appear to the court to be in the best interest of the child. Pendar-vis v. State, supra.
*781 It would serve no useful purpose to set forth the facts in further detail. The juvenile court files before us indicate a strong trend of delinquent and incorrigible conduct on the part of the appellant. A careful examination of the entire record on appeal discloses no reversible error in the proceedings below.
Affirmed.
SMITH, C. J., and ALLEN and WHITE, JJ., concur.