Joseph John TAPAL, Appellant,

v.

Sandra Lynn TAPAL, Appellee.

No. 287.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 19, 1969.

Rehearing Denied Dec. 17, 1969.

SAM D. JOHNSON, Justice.

Suit for divorce and child custody brought by the appellee, Sandra Lynn Tapal, against appellant, Joseph John Tapal. The date of marriage was June 12, 1964 and their son, Joseph John Tapal, III, the only child born of this union was born on January 1, 1965. Appellee's original suit for divorce and child custody was filed on October 17, 1966 and thereafter appellant filed a cross-action for divorce and for custody of his minor child.

At trial the husband contended that his wife had committed adultery with William Fortune. This allegation was vigorously denied by the wife. There was both circumstantial and direct evidence in the record from which the jury might have determined that this allegation was well founded. It does not appear, however, that an issue on adultery of the wife was requested by the husband and such issue was not submitted to the jury.

The case was tried to a jury which found both the husband and the wife guilty of excesses, cruel treatment and outrages toward each other as to render their further living together insupportable. The jury further found that the welfare of the minor child would be best served by his custody being awarded to the mother.

After motions for judgment were filed, the court rendered judgment on October 2, 1967. At such time the court only evidenced its action by an entry on the docket and neither attorney of record submitted a written judgment for approximately sixteen months thereafter. It was not until February 28, 1969 that the written judgment was signed and entered by the court. Appellant thereafter filed an original and amended motion for new trial which was overruled. This appeal is limited to the issue involving the custody of the minor child. It is appellant's contention that the trial court abused its discretion in failing to grant a new trial on the trial custody issue based on newly discovered evidence, discovered subsequent to trial.

Mabel Grey Howell, Houston, for appellant.

C. Pearce Schaudies, Harlingen, for appellee.

The newly discovered evidence presented to the trial court was in the form of affidavits stating that appellee married William Fortune on October 27, 1967. It is noted that this date was subsequent to the court's rendition of judgment of divorce on October 2, 1967 but prior to the entry of the court's written judgment on February 28, 1969. In addition a "term delivery child" was born to them on March 1, 1968. The Fortune baby was born approximately five months after the date the trial court made its docket entry on October 2, 1967.

Appellant contends that appellee knew that she was carrying Fortune's child when she testified that she had never had sexual relations with him and that she willfully committed extrinsic fraud on the court and jury which was calculated to prejudice appellant before the jury. Appellant further contends that such perjury destroyed any presumption that appellee was a fit and proper person to have custody of the minor child. Appellant also alleges that there is no evidence or insufficient evidence to support the jury finding that the child's best interests would be served if he were awarded to appellee.

McDonald, Texas Civil Practice, Vol. 4, Sec. 18.16, recites that motions for new trial based on newly discovered evidence are not favored and that a movant thereon has the burden of satisfying the court:

"(I) That admissible evidence was discovered after the trial, or so late in the trial that it was impossible to present the evidence before the trial closed; and

"(II) That it was not due to any lack of due diligence on the part of the movant that the evidence was not earlier discovered and made available at the trial * * *

"(III) That the testimony is not merely cumulative or impeaching * * *

"(IV) That the evidence is so material that it probably would, if believed, bring about a different verdict or finding upon another trial * * *"

■ The action of the trial court will be disturbed only where there is shown a clear abuse of his discretion. Ibid, authorities cited in Note 93, p. 1465.

The issue of adultery was before the trial court in the form of strong evidence, both circumstantial and direct. Mrs. Melody McKay, who formerly shared a one-bedroom apartment with the appellee for approximately two and one-half months, testified that Fortune spent the night with the appellee in their apartment on several occasions. She further testified that on other occasions the appellee spent the night with Fortune in his apartment. She testified that on still another occasion she found the appellee and Bill Fortune in bed without their clothes on. C. W. McKay, who subsequently married the previous witness, Melody McKay, testified that on one occasion they walked into their apartment early in the morning and found the appellee and Bill Fortune on the floor in the nude. Based on this and other testimony the issue of adultery was clearly before the trial court. A finding thereon would have been sufficient grounds for granting the husband a divorce, Art. 4629(3), and alternatively, such a finding would have been a complete bar to the divorce for which the appellee was praying. Franzetti v. Franzetti, Tex.Civ.App., 120 S.W.2d 123.

■ Even though the issue of appellee's adultery with Fortune was the most bitterly contested subject matter ⌐before the court and jury, it does not appear that the husband made any request for an issue thereon and no issue pertaining to it was submitted to the jury. Under such circumstances the defense of adultery had been clearly waived by the appellant. Appellant's motion for new trial is therefore urged upon grounds previously asserted, contested and waived. It cannot be said that the trial judge abused his discretion in denying the motion for new trial.

■ There are other reasons for affirming the judgment of the trial court. The new evidence asserted in appellant's motion for new trial is cumulative of evidence presented at trial in that, as stated, there was very strong evidence before the trial court concerning adultery. Though appellant now asserts additional evidence which he alleges to be conclusive on this matter, we believe it to be in addition to evidence previously presented on this same subject and without question goes to prove the same point. "A new trial will not be granted on the ground of newly-discovered evidence, unless it is made to appear that it has come to the knowledge of the applicant since the trial; that it could not have been sooner discovered by the exercise of diligence; *that it is not merely cumulative*; that it is not for the purpose of impeachment. Conwill v. Gulf, C. & S. F. Ry. Co., 85 Tex. 96, 19 S.W. 1017 (1892)." (Emphasis added). New Amsterdam Casualty Co. v. Jordan, 359 S.W.2d 864, 866 (Tex. Sup.1962).

■ Finally, a movant for a new trial based on newly discovered evidence has the burden of satisfying the court that the evidence is so material that it probably would, if believed, bring about a different verdict or finding upon another trial. See authorities cited under Sec. IV, 4 McDonald, Texas Civil Practice, Sec. 18.16. The rule in a majority of jurisdictions is that the finding of adultery is pertinent although not a controlling factor in determining which of the parents should be awarded the custody of the child. Many courts have taken the position that a finding of adultery creates a strong presumption against the fitness of the guilty spouse to have custody of the minor children. Only three states take the position that a decree granting a divorce to the husband on the ground of the wife's adultery is conclusive of her relative unfitness to have the custody of her minor child. A comprehensive summary of the cases appears in 23 A.L.R.3rd, 38–45. We have been cited to no Texas authority precisely in point on this issue. We believe the better view is that marital misconduct, including adultery, is a pertinent although not controlling factor in determining which of the parents should be awarded custody.

■ "Even the fact that a mother is guilty of adultery does not necessarily disqualify her to have the custody of her children. Although she may have been a bad wife, she may be a good mother. It has been accepted as the rule by a number of courts that the moral unfitness of a mother must be such as has a direct bearing on the welfare of the child, if it is to deprive her of the custody of the child." 24 Am.Jur.2d, Sec. 788. There is no evidence to indicate that this well-being of the Tapal child would be affected by the alleged misconduct of appellee. Because the fact of adultery if established would not be a conclusive factor in subsequent determination of custody in the instant case, it cannot be said that the trial court abused its discretion in failing to grant appellant's motion for new trial.

■ We must presume the trial court considered the factors enumerated in Art. 4639, V.A.C.S. in awarding custody, Art. 4639, V.A.C.S., and in rendering judgment at the hearing on the motion for new trial. The trial judge found that the award of custody to the mother was in the best interest of the child. That determination cannot be disturbed unless an abuse of discretion is clearly shown. In re Belcher, 155 Tex. 560, 289 S.W.2d 915 (1956). We find no such abuse of discretion.

We have carefully considered each of appellant's points of error and they are each overruled. The judgment of the trial court is affirmed.