PIERCE, Chief Judge.
Honorable Charles R. Holley, one of the Judges of the Circuit Court for Pinellas County, Sixth Judicial Circuit of Florida, has certified a question of law to this Court in accordance with FAR 4.6, 32 F.S.A. His certificate sets forth the following facts:
(1) “After a hearing and finding Petitioner had committed acts justifying his commitment to the custody of the Division of Youth Services of the State of Florida, on October 7, 1969, an Order attached as Exhibit ‘A’, was entered by Juvenile Judge William L. Walker of the Juvenile Court of Pinellas County, placing Petitioner on probation.
(2) On February 10, 1970, a hearing was held wherein it was determined that Petitioner had committed additional offenses in violation of probation and the Order attached hereto as Exhibit ‘B’ was entered by the Court. Petitioner was in fact released from Court custody and placed on probation in the custody of his parents, presumably pursuant to Section 39.-11(2) (a), Florida Statutes, F.S.A.
(3) After an extended absence from the State in violation of the February 10, 1970 Order, on April 7, 1970, Petitioner was brought before the Juvenile Court without an adequate opportunity to summon witnesses on his own behalf and was committed to the custody of the Division of Youth Services of the State of Florida by the Order attached hereto as Exhibit ‘C\
(4) The procedure used by the Juvenile Court of Pinellas County in the February 10, 1970, Order of imposing a condition of summary right to revoke as a basis for a probation violator remaining on probation is an established procedure.
(5) In this proceeding Petitioner raises the question of the power of the Juvenile Court to later summarily revoke probation which was continued after determination in a proper and full hearing that Petitioner had violated the conditions of his original probation.”
The certified question is as follows:
“Under the Facts as Stated Above and as Shown by the Exhibits, may a Juvenile Court, After Finding that a Juvenile on Probation has Violated Conditions of Probation, Continue the Probation Under an Order which Also Commits the Juvenile and then Later Without Hearing Enforce the Commitment Portion of the Order?”
Our answer to the certified question is in the negative.
The statement of facts and attachments show that petitioner had a full hearing on October 7, 1969, was adjudicated a delinquent child, and was placed on probation. On February 10, 1970, petitioner was again given a full hearing, at which time he was committed to the Division of Youth Services, but was placed in the custody of his mother and stepfather under rules of pro *705 bation set forth in the order, pending transportation orders only at the total and complete discretion of the Court. Petitioner was given a hearing on April 7, 1970, but without an adequate opportunity to summon witnesses. The hearing on April 7 was, in effect, a revocation of probation hearing.
This Court held In the Matter of J.S.D., Fla.App.1963, 156 So.2d 780:
“Once a child had been lawfully declared a delinquent, a broad discretion is vested in the juvenile court to do those things which appear to the court to be in the best interest of the child.”
After the rendition of the opinion in J.S.D., supra, the United States Supreme Court in Application of Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, held that neither the Fourteenth Amendment nor the Bill of Rights is for adults alone. The Court considered only the adjudicatory process in Gault, supra, specifically stating that it was not concerned with the procedures or constitutional rights applicable to the post-adjudicative or dispositional process. However, certain passages of the opinion indicate that the fundamentals of due process should be applied in other critical stages affecting the liberty of a juvenile. All the hearings in the case sub judice were held after Gault.
We have found no Florida case expressly expanding Gault to include the post-adjudicative or dispositional process. However, In Re L.G.T., Fla.App.1968, 216 So.2d 54, held that on appeal by a juvenile from an order adjudicating him a delinquent, he has the same rights as a defendant appealing a criminal conviction. And in Richardson v. State ex rel. Milton, Fla.App.1969, 219 So.2d 77, while the Court held that Gault was not to be applied retroactively to revocation of probation hearings, it was intimated that the standards announced in Gault should be applied to such hearings in the future.
We hold that petitioner should have been given a full hearing before the commitment portion of the previous order was enforced. Accordingly, the certified question is answered in the negative.
LILES and McNULTY, JJ., concur.