**Ex parte Stephen GALLOP et al., minors.**

**No. 7382.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 2, 1972.

Rehearing Denied Nov. 22, 1972.

————◆————

Everett Lord, W. G. Walley, Jr., Beaumont, for appellants.

Ward W. Markley, Jasper, for appellee.

KEITH, Justice.

Jarvis Gallop, a minor, was adjudged to be a dependent and neglected child under the provisions of Art. 2330 et seq., Vernon's Ann.Civ.St., on January 30, 1970, and the parental rights of his mother and father were "temporarily terminated" and his custody was "temporarily awarded to and placed with the State Department of Public Welfare, until further and final order of" the District Court of Jasper County, Texas. The natural mother of the child appeals from an order of the trial court which refused to reopen the proceedings and award her the custody of said child. Originally, there were two children before the court, Stephen and Jarvis, but Stephen has outgrown the trial court's jurisdiction and is not involved in this appeal. So as to bring our discussion of the points into proper perspective, we deem it necessary to set out the sequence of orders of the court involving Jarvis.

On October 31, 1968, the County Attorney of Jasper County filed the original dependent and neglected child proceedings involving both children and notice to show cause was served upon the parents. While we do not find in our record any order entered at the conclusion of this original hearing, we do find in our record a recitation that a "temporary [custody] award was made" on November 8, 1968. The parents were notified of another hearing to be held on January 30, 1970, at which time the court would determine "whether said children shall be declared dependent and neglected children and their permanent custody decided by the Court." We find no record appearance of the parents in either of these earlier hearings.

At the conclusion of the second hearing on January 30, 1970, the court entered the order previously recited "temporarily" terminating the parental rights and "temporarily" awarding custody to the State Department of Public Welfare. Next, we find a motion to hold the parents in contempt of court for violation of the order of January 30, 1970, but do not find where service was had on the notice or a hearing held thereon. However, on March 4, 1970, the court entered an order whereby "the parental rights of the parents of said minors above-named are hereby permanently severed and terminated, and their custody is awarded to the State Department of Public Welfare."

This same order recited that on recommendation of the State Department of Public Welfare "temporary care, custody and control" of the minors would be awarded to Mr. and Mrs. Benjamin J. Gallop of Marietta, Georgia, "under the supervision of the State Department of Public Welfare of the State of Georgia, giving said Department the full control in regard to making any permanent custody rights in connection with said minor children or adoption of said minor children by any parties."

Following the entry of an order relating to the older child, which is not material to

this proceeding, we find that the court entered an order on November 30, 1971, upon recommendation of the Texas Department of Public Welfare, awarding to Mr. and Mrs. Benjamin Gallop the "permanent care, custody and control" of the younger child "with (them) having the right of adoption should they see fit."

On February 11, 1972, the natural mother filed this proceeding to set aside the prior orders insofar as they related to the younger child, alleging that she had rehabilitated herself, had secured gainful employment, and was a fit and proper person to have the custody of said child. Notice of this proceeding was directed to the Texas Department of Public Welfare and to Mr. and Mrs. Benjamin Gallop; but at the hearing ordered, only the Department of Public Welfare appeared, and it did not file formal pleadings. At the conclusion of the hearing, judgment was entered denying the mother any relief and confirming the prior order of November 30, 1971. This appeal has followed and we have not been favored with briefs by the Department of Public Welfare or by Mr. and Mrs. Benjamin Gallop.

■ We experience difficulty in coming to grasp with the contentions of the mother as expressed in the two points brought forward for review.* We are firmly committed to a liberality in the construction of briefing rules. E. g., City of San Antonio v. Guido Bros. Construction Co., 460 S.W.2d 155, 158 (Tex.Civ.App., Beaumont, 1970, error ref. n. r. e.).

Only when we turn to the argument following the points do we comprehend the thrust of appellant's two points. Counsel phrases the questions presented in this manner: Under Arts. 2330–2337, V.A.C.S.,

"What facts must be present to enable a court to sever parental rights? Can a court, after once assuming jurisdiction, then from time to time do as it pleases, without notice, without evidence, without hearing? Does a parent, once having had a child declared dependent, have any *legal* recourse to get a child back home? *To put it in perhaps a different posture, does a child have a right to come back home after the cause of dependency has been removed?*" (emphasis by appellant)

Unfortunately, counsel having posed the questions, has not been quite as adept in formulating the answers thereto. No attack is made upon the adjudication (preliminarily on January 30, 1970, and finally on November 30, 1971) that the children were dependent and neglected as mentioned in the statute. Appellant makes no complaint of a lack of hearing on such basic adjudication nor of the sufficiency of the evidence to support the court's determination.

If appellant's motion to change the custody order of November 30, 1971, is considered properly, it is simply a bill of review without compliance with the rules governing such a proceeding. Cf. Ziebarth v. Lee and Beulah Moor Children's Home, 431 S.W.2d 798, 801 (Tex.Civ.App., El-Paso, 1968, no writ). The motion which she filed which precipitated the order from which she appeals does not contain sufficient allegations for her to prevail. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961); Parker v. Holland, 444 S.W.2d 581, 582 (Tex.1969).

■ We agree with counsel that the statute and decisions are not too clear as to the precise nature of the proceedings which a trial court must follow in its disposition of children once they are found to be dependent and neglected as defined in the statute. However, from a careful consideration of the statutes and the cases, we have come to certain conclusions which govern our action herein. The primary con-

---

* These points are: "The court below erred in refusing to set aside its order rendered on November 30, 1971"; and, "The court below erred in refusing to restore custody of Stephen and Jarvis Gallop to Appellant."

cern to the trial court is to enter an order which is in the best interest of the child involved. Hendrick v. Voss, 334 S.W.2d 308, 314 (Tex.Civ.App., Dallas, 1960, no writ); *Ziebarth,* supra.

When the jurisdiction of the trial court is invoked under the statute, the State shows that it has such an interest in the welfare of its citizens that it may assume custody and deprive the parents thereof. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, 690 (1944). Thus, it has been held that the State's interest in the welfare of children under the statute has "empowered the courts to exercise their authority and discretion in carrying out the legislative intent" set out in the statute. Davis v. Collins, 147 Tex. 418, 216 S.W.2d 807, 811 (1949). And, the rights and best interest of the children must be considered and guarded carefully. Hursey v. Thompson, 141 Tex. 519, 174 S.W.2d 317, 319 (1943).

The custody of children who are wards of the court always presents perplexing problems to the trial judge and his efforts to care for their best interests should receive the support of the appellate courts so long as he acts within the framework of the statutes and upon competent evidence. Pettit v. Engelking, 260 S.W.2d 613, 615 (Tex.Civ.App., San Antonio, 1953, error ref. n. r. e.), presents such an illustration. Justices Norvell and Pope, both later to become distinguished members of our Supreme Court, concurred in the statement that "[t]he trial court had authority under a proper factual situation to change its orders relating to the custody of the child at any time" and that the doctrine of res judicata was not applicable. Such a holding was, consequently, the base for their holding that the judgment then under consideration was a final judgment entitled to review. We are not inclined to adopt the rigid legal doctrine of res judicata to dependent and neglected child proceedings, believing that such is not compatible with the legislative intent. So holding, we decline to thrust upon a parent the burdens inherent in a bill of review proceeding. Cf. Martin v. Cameron County Child Welfare Unit, 326 S.W.2d 31, 37 [Tex.Civ.App., San Antonio, 1959, error ref. n. r. e., 160 Tex. 274, 329 S.W.2d 83 (1959)].

However, when we come to consider appellant's belated attack upon the sufficiency of the pleadings which were before the court on the occasions when the custody orders were entered (assuming she has standing to complain thereof), we follow the general rule that in child custody cases "technical rules of pleading and practice need not be strictly followed." Hendrick v. Voss, supra (334 S.W.2d at 314). See also, Casteel v. Mandel, 415 S.W.2d 512, 514 (Tex.Civ.App., Dallas, 1967, no writ). The mother's parental rights had been severed and terminated and the child then involved was a ward of the court. In the exercise of the jurisdiction conferred upon him by statute, he was required to exercise his discretion.

Appellant has brought forward only the evidence heard upon her motion to regain custody and we do not have any statement of facts showing the evidence considered by the court upon any of the prior hearings mentioned in the forepart of this opinion. Thus, as to the prior orders of the court, we are in no position to determine if the trial court abused its discretion. In the absence of a statement of facts, we cannot determine whether the trial court committed error, much less reversible error. Coleman v. Pacific Employers Insurance Company, 484 S.W.2d 449, 452 (Tex.Civ.App., Tyler, 1972, error ref. n. r. e.).

We have reviewed the evidence heard by the trial court in the proceedings from which the appeal is taken and do not find that the court abused the discretion conferred by law. The comments made in Shields v. Tarrant County, 358 S.W.2d 241,

242 (Tex.Civ.App., Fort Worth, 1962, no writ) are appropriate:

"The two children involved having been declared to be dependent and neglected and made wards of the court, the burden was on the plaintiffs to establish by competent evidence that since the former trial the best interest of the children would be served by awarding custody to them. In Re Belcher, 155 Tex. 560, 289 S.W.2d 915; Broome v. Edna Gladney Home, Tex.Civ.App., 295 S.W. 2d 266.

"A change of custody should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787.

"In a case such as the one before us the judgment of the trial court will not be disturbed on appeal unless the award of custody is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Stanley v. Whitney, Tex.Civ.App., 259 S.W.2d 636; Wooster v. Thompson, Tex.Civ.App., 285 S.W.2d 954."

We are sympathetic to the appellant-mother in her efforts to regain custody of her younger son. After reviewing the evidence of her rehabilitation from her alcoholic state which brought about the termination of her parental rights, we are favorably impressed with her efforts. However, that is not the question before us. The trial court heard all of the evidence introduced in appellant's effort to regain custody of her child and entered an adverse judgment. There were no findings of fact filed and no requests made therefor. Nor, do we find in our record any evidence which would tend to prove that it would be to the best interest of the child that he be removed from his present home in Georgia and restored to appellant's custody in Texas.

The trial court faced the witnesses and observed their demeanors and personalities. He was in position to analyze the facts, weigh the virtues of the parties and determine the best interest of the child. After carefully examining the evidence, we cannot say that there was an abuse of discretion in his denial of appellant's motion to change the custody of Jarvis Gallop. Stanley v. Whitney, 259 S.W.2d 636, 638 (Tex. Civ.App., Fort Worth, 1953, no writ). Being of the opinion that there is no reversible error in the judgment, the cause is in all things

Affirmed.