HENDRY, Judge.
This is an appeal from an order of the Juvenile Court of Dade County, Florida, denying appellants-parents’ petition for custody of their three-year-old son, Glenn.
The petition set forth the following:
“1. That pursuant to proceedings long past this Court saw fit to take the above child into protective custody due to injuries of undetermined origin.
“2. That almost two years have passed during which time your petitioner, Joanne Munsey, has, pursuant to suggestions of Court and Counsel, consulted with the psychiatric out-patient department of Jackson Memorial Hospital.
“3. That the reports therefrom have been increasingly favorable in behalf of your petitioner, and further that the case workers, custodians of said child, and investigators for the State of Florida, operating under the auspices of this Court; have increasingly liberalized visitation and accompaniment of your petitioner with said child to the extent that starting in the latter part of July 1971, said child has been in the accompaniment of your petitioner on weekends and for several days at a time.
“4. That your petitioner would respectfully show unto the Court that she is a fit and proper person to care for said child, and she makes no objection whatsoever to the continued home supervision of the surroundings and the care given to said child, but requests the Court at this time that rather than weekend and temporary visitations that the child of your petitioner be returned to her home.”
*474 After an evidentiary hearing- on the petition it was denied.
Appellants contend that the trial judge arbitrarily denied the petition, notwithstanding the fact that it was supported by uncontroverted evidence. It appears from the record on appeal that petitioners made a strong showing of fitness for resuming custody of their child and that there was no evidence offered to contradict petitioners’ evidence. The trial judge expressed concern as to the possibility of the child being subjected to similar mistreatment in the future if custody was restored to the parents. However, this concern and apprehension was not supported by the evidence. In Pendarvis v. State, Fla.App.1959, 115 So.2d 81 (Wigginton, C. J., specially concurring) it was noted at page 83:
“Although parents may by their own derelictions forfeit the right to continued custody of their offspring, this does not mean that such right is irrevocably lost. Nor does it mean that when the cause for forfeiture has been removed, the parents, stand in the position of strangers in contention with the temporary custodian for the return of their child’s custody.”
We think that in view of the lack of the least shred of evidence to support the court’s denial of the parents’ petition, the trial judge abused his discretion in refusing to restore full time custody of the child to its parents. Kersey v. State, Fla.App.1960, 124 So.2d 726. Therefore, the order appealed from is reversed.'
Reversed.