Geraldine VAN WART, Appellant,

v.

Walter B. VAN WART, Jr., Appellee.

No. 12081.

Court of Civil Appeals of Texas, Austin.

Oct. 31, 1973.

Rehearing Denied Nov. 21, 1973.

Paula Young Smith, Salmanson & Smith, Austin, for appellant.

Richard T. Halpain, Hart & Halpain, La Grange, for appellee.

PHILLIPS, Chief Justice.

This case involves the custody of two young daughters following a suit for divorce. At the conclusion of trial, the jury awarded the father custody of the children, and the court entered judgment accordingly. We affirm that judgment.

The primary question before us concerns the quantum of evidence that was necessary to sustain the verdict. Since we hold that sufficient evidence existed to sustain the verdict, we overrule appellant's no evidence and sufficiency-of-evidence points.

The evidence in this case was fully developed at trial and is quite lengthy. Both parents are intelligent, hard-working persons of good character. In fact the trial court found as a matter of law that either parent was fit to raise the children. Immediately following their marriage, the parents moved to a ranch in Fayette County near La Grange. It was here that both children were born. The evidence discloses that the mother, a bright and able women, became active in social hospital auxiliary affairs, to which purpose she devoted much of her time. Although the father worked hard at his ranch, at night, after supper, he was content to watch television or read. After several years the husband and wife, although still living together, evidently drifted apart emotionally. Apparently, in an attempt to find an interest common to both, they drove to San Antonio from time to time to shoot skeet. A skeet instructor was employed to tutor the wife, and, one thing leading to another, she fell in love with the instructor and asked the husband for a divorce. But the husband, evidently still in love with his wife, attempted to save the marriage. Both agreed to consult a marriage counselor. Counseling was ineffective, and divorce followed. At the time of divorce the two young daughters were approximately three and five years of age. The children remained with the mother during the divorce proceedings and have been with her pending this appeal.

The evidence discloses that prior to the divorce, the wife was intimate with the skeet instructor both at his apartment in San Antonio and later at her home in Austin, where she had moved pending the divorce. Since the divorce, the instructor and appellant have married and want the children.

The crux of the wife's case before us is that the laws of Texas require that custody of children of tender years be given the mother if she is a fit and proper person.[1] From here, the wife contends that the only possible reason by which the jury[2] found that the "best interests of the children" were with the father was that she had been intimate with the instructor prior to their marriage. She contends that this evidence, standing alone, is insufficient to surmount the principle of awarding children of tender years to the mother if she is a fit person.[3] Consequently, she insists that there is either no other evidence or insufficient other evidence to sustain the jury's verdict.

■ We cannot agree with this contention. In the first place, the father testified that after the children were born, the wife was away from home so often that he and a household maid reared them virtually alone. He further testified that the wife put 50,000 miles on a car in two years. The wife's mother testified that at one time she had remarked to the husband that, perhaps, he should be awarded the children. There is also evidence that the father is in a better financial position than the mother to care for the girls. Finally, the intimacies in question, while not controlling, are also some evidence of probative value which the jury possibly considered in disaffection of the mother's position. In order to disregard all of this evidence, we would be forced to hold that it is not direct evidence of facts proved from which vital facts pertaining to "the best interest" of the children may be reasonably inferred, but rather is nothing more than a scintilla. Joske v. Irvine, 44 S.W. 1059 (Tex.Sup. 1898); R. W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error,

38 Tex.L.Rev. 361 (1960). We are unable to do this.

■ We overrule appellant's two constitutional points. Her first point is that she was denied due process of law and equal protection of law since the standard "the best interest of the children," submitted to the jury pursuant to Art. 4639 and Art. 4639a, is too broad and vague to permit the State interference with the custody of the children. Her second constitutional point is that she was denied due process of law and equal protection of the laws by the trial court's refusal to grant her motion for a juvenile investigation.

■ Appellant did not object on any grounds to the special issue submitted; consequently, she waived any objection that she might have had. Rule 274, Texas Rules of Civil Procedure. Nor did appellant in her motion for new trial prior to entry of judgment, raise any constitutional question as to the validity of the statute. Consequently, this issue too has been waived. Gulf Refining Co. v. Bonin, 242 S.W. 776 (Tex.Civ.App.—Beaumont, 1922, no writ); Trice Production Co. v. Dutton Drilling Co., 333 S.W.2d 607 (Tex.Civ.App. —Houston, 1960, writ ref. n.r.e.); Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807 (1959).

■ Prior to trial, the wife filed a motion with the court requesting that a particular individual be appointed to act as a juvenile investigator. The trial judge denied her request. In her motion for new trial following judgment, appellant stated as one of her grounds the refusal of the court to grant her motion for juvenile investigation. At no time during the course of the proceeding prior to the filing of her brief with this Court was any mention

---

1. *See* Spitzmiller v. Spitzmiller, 429 S.W.2d 557 (Tex.Civ.App.—Houston [1st Dist.], 1968, writ ref'd n. r. e.); Paynter v. Janca, 331 S.W.2d 814 (Tex.Civ.App.—San Antonio, 1960, no writ); Thomason v. Thomason, 332 S.W.2d 148 (Tex.Civ.App.—Amarillo, 1959, no writ).

2. The jury was impaneled under the provisions of Article 4639a, Texas Civil Statutes, Vernon's Ann.

3. Tapal v. Tapal, 448 S.W.2d 560 (Tex.Civ. App.—Houston, [14th Dist.], 1969, writ dism'd); 24 Am.Jur.2d, Sec. 788.

made or objection raised as to the constitutionality of the trial court's ruling. Thus, the question of constitutionality was not properly raised or preserved at the trial level; consequently, under our rules the point is not properly before us. Rules 320, 321, 322, 324 and 374, Texas Rules of Civil Procedure. Nor is the point of such fundamental nature as to merit consideration for the first time on appeal. Newman v. King, 433 S.W.2d 420 (Tex.Sup.1968).

▮ We also overrule appellant's point that the jury verdict was less than unanimous. Rule 291, Texas Rules of Civil Procedure, requires that no verdict shall be rendered in any cause except upon the concurrence of all members of the jury trying the case. After the foreman of the jury in this case announced its verdict to the court, the jury was polled at appellant's request. Rule 294, Texas Rules of Civil Procedure. We have reviewed the lengthy statement of facts taken on motion for new trial along with the affidavit filed by the juror alleged by appellant to have voted against the verdict. It is our opinion, and we so hold, that the juror in question voted that the father have custody of the children,[4] even though this juror might actually have believed that the mother was the proper person for custody of the children and in all probability would have changed her vote. Jurors may not set aside verdicts by proof that their un-

coerced affirmation is nevertheless contrary to their true convictions. The purpose of the poll, under the protection of the court, is to afford jurors an opportunity to express their convictions. They should speak at that time and not after they have been discharged and have mingled with the public. State v. Finch, 349 S.W.2d 780 (Tex.Civ.App.—San Antonio, 1961, no writ).

The judgment of the trial court is affirmed.

---

4. Part of her testimony was as follows:
(Statement of Fact on Motion for New Trial, p. 43, line 8.)
"Q. Your act in voting for the father was an act performed by you at the time wasn't it. You voted for the father?
A. Against my decision.
Id. at 44, line 6:
Q. In other words, when you said you went home you had a heavy burden—
A. Yes, sir. I became a dead woman.
Q. You were a dead woman and the reason you were was because you had voted against what you thought was right?
A. That is right.
Id. at 45, line 13:
Q. But you followed the others?
A. But I hope the father will have sympathy for the children and be good to them

and take them to church but my decision was the mother.
Q. That is right. But you voted for the father?
A. Against my own decision, see.
Q. That is why you had this heavy burden?
A. I closed my eyes and just wrote father on there. I was the last one in the jury room.
Q. We are talking about in the jury box?
A. Yes. That is when I stood up and said about the mother but what I really wanted to say was, Judge, would you please regardless what the jury says just give the mother the children because the burden had been laid in my heart."